**P O R T E R | S C O T T**

A PROFESSIONAL CORPORATION
Carl L. Fessenden, SBN 161494
cfessenden@porterscott.com
John R. Whitefleet, SBN 213301
jwhitefleet@porterscott.com
Matthew W. Gross, SBN 324007
mgross@porterscott.com
350 University Ave., Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants
COUNTY OF SACRAMENTO; FORMER SACRAMENTO COUNTY SHERIFF SCOTT R. JONES;
ANTHONY PAONESSA; and VEER BABU, M.D.,
*Exempt from Filing Fees Pursuant to Government Code § 6103*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY GALLEY, Deceased, by and through his Co-Successors in Interest, P.P. and B.P., minors, through their mother and Next Friend, Christina O'Neil, Individually and as Co-Successors in Interest for ANTHONY GALLEY, Deceased, <br><br>        Plaintiffs, <br><br> v. <br><br> COUNTY OF SACRAMENTO, a public entity; FORMER SACRAMENTO COUNTY SHERIFF SCOTT R. JONES, in his individual capacity; Jail Commander ANTHONY PAONESSA, Jail Medical Director VEER BABU, M.D., ERICA WOODS, R.N., and DOES 1-20; individually, jointly and severally, <br><br>        Defendants. <br> _____/ | CASE NO.  2:23-cv-00325-WBS-AC <br><br> **DEFENDANTS COUNTY OF SACRAMENTO, SHERIFF SCOTT R. JONES, ANTHONY PAONESSA, AND DR. VEER BABU MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** <br><br> Date:      July 10, 2023 <br> Time:     1:30 p.m. <br> Courtroom:  5, 14th Floor <br> Judge:    Hon. William B. Shubb <br><br> FAC: 04/21/23 <br> Complaint Filed:  02/23/2023 |

i

DEFENDANTS COUNTY OF SACRAMENTO, SHERIFF SCOTT R. JONES, ANTHONY PAONESSA, AND DR. VEER BABU MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

4886-3734-4097, v. 1

# Table of Contents

I. INTRODUCTION ...........................................................................................................1

II. PLAINTIFFS' ALLEGATIONS..................................................................................1

    A.    BACKGROUND ...........................................................................................1

    B.    THE ALLEGED INCIDENT ......................................................................1

    C.    SHERIFF JONES AND THE COUNTY ...................................................2

III. STANDARDS ON A RULE 12(B)(6) MOTION TO DISMISS .........................................3

IV.    ARGUMENT ...............................................................................................3

    A.    PLAINTIFFS' P.P. AND B.P. DO NOT HAVE STANDING BECAUSE THEY DID NOT SEEK A COURT APPROVED GUARDIAN AD LITEM UNDER LOCAL RULE 202......................................3

    B.    DECEDENT ANTHONY GALLEY AND CHRISTINA O'NIEL ARE NOT PROPER PARTIES AND SHOULD BE DISMISSED. ..................4

    C.    THE COUNTY IS IMMUNE FROM DIRECT LIABILITY UNDER STATE LAW ...............................................................................................5

    D.    PLAINTIFFS' CIVIL CODE SECTION 52.1 BANE ACT CLAIM FAILS TO ARTICULATE ANY THREAT, COERCION OR INTIMIDATION BY DEFENDANTS....................................................5

    E.    PLAINTIFFS' NEGLIGENCE CLAIM FAILS TO STATE A CLAIM FOR RELIEF BECAUSE POLICY MAKERS ARE IMMUNE FROM LIABILITY UNDER GOVERNMENT CODE SECTION 820.2 AND 820.8 ...............................................................8

        1.    Defendants Are Entitled To Immunity Pursuant To Section 820.2 and 815.2......................................................................9

        2.    Defendants Are Entitled To Immunity Pursuant To Section 820.8.........................................................................10

    F.    PLAINTIFFS' CLAIMS FOR ADA & REHABILITATION ACT FAIL AS A MATTER OF LAW AND SHOULD BE DISMISSED ...............11

V. CONCLUSION.......................................................................................................13

**DEFENDANTS COUNTY OF SACRAMENTO, SHERIFF SCOTT R. JONES, ANTHONY PAONESSA, AND DR. VEER BABU MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

4886-3734-4097, v. 1

**Table of Authorities**

Page(s)

Cases

Arreola v. California Dep't of Corr. & Rehab.,
  2017 WL 1196802 (N.D. Cal. Mar. 31, 2017)...................................................................12

Ashcroft v. Iqbal,
  556 U.S. 662 (2009)...............................................................................................................3

Atayde v. Napa State Hospital,
  2016 WL 4943959 (E.D. Cal. 2016)......................................................................................7

Bell Atlantic Corp. v. Twombly,
  550 U.S. 544 (2007)...........................................................................................................3, 9

Brown v. Brown,
  2015 WL 2374284 (E.D. Cal. May 18, 2015) .....................................................................12

Caldwell,
  42 Cal.Rptr.2d 842...............................................................................................................10

Cameron v. Craig,
  713 F. 3d 1012 (9th Cir. 2013) ..............................................................................................6

Corales v. Bennett,
  567 F.3d 554 (9th Cir. 2009) .................................................................................................8

Cornell v. City & Cnty. of San Francisco,
  17 Cal. App. 5th 766 (1st Dist. 2017)................................................................................5, 6

Estate of Martin v. Cal. VA,
  560 F.3d 1042 .......................................................................................................................12

Figueira by & through Castillo v. City of Sutter,
  2015 WL 6449151 (E.D. Cal. Oct. 23, 2015) .....................................................................12

Gonzalez v. United States,
  814 F.3d 1022 (9th Cir. 2016) .............................................................................................10

Hernandez v. City of San Jose,
  2017 WL 977047 (N.D. March 14, 2017) .............................................................................6

In re Nicole H.,
  201 Cal.App.4th 388 (2011) ..................................................................................................4

**DEFENDANTS COUNTY OF SACRAMENTO, SHERIFF SCOTT R. JONES, ANTHONY PAONESSA, AND DR. VEER BABU MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

4886-3734-4097, v. 1

K.A. v. Clinica Sierra Vista,
 No. 121CV01105NONEEPG, 2021 WL 3476599 (E.D. Cal. July 22, 2021) .........................................4

Kulya v. City and County of San Francisco,
 2007 WL 760776 (N.D. Cal. 2007) ...........................................................................................................4

Lowe v. County of Butte,
 2021 WL 1890386 (E.D. Cal. May 11, 2021) ...........................................................................................7

Martinez v. Cahill,
 215 Cal.App.2d 823 (1963) ......................................................................................................................10

McGarry v. Sax,
 158 Cal. App. 4th 983 (2008) .....................................................................................................................8

Meyers v. City of Fresno,
 2011 WL 902115 (E.D. Cal. Mar. 15 2011) .............................................................................................6

Moore v. Baca,
 2002 WL 31870541 (C.D. Cal. 2002)......................................................................................................10

Moreland v. City of Las Vegas,
 159 F.3d 365 (9th Cir. 1998) .....................................................................................................................3

Moreno v. Los Angeles Cty. Sheriff's Dep't,
 2015 WL 4652637 (C.D. Cal. Aug. 3, 2015)............................................................................................7

Munson v. California,
 2011 WL 284591 (E.D. Cal. Jan.25, 2011) ..............................................................................................5

Neuroth v. Mendocino County,
 2016 WL 379806 (N.D. Cal. 2016) ...........................................................................................................7

Page v. County of Madera,
 2017 WL 5998227 (E.D. Cal. 2017).........................................................................................................6

Reese v. Cnty. of Sacramento,
 888 F.3d 1030 (9th Cir. 2018) ..............................................................................................................5, 6

Safai v. Safai,
 164 Cal.App.4th 233 (2008) ......................................................................................................................4

Smith v. County of San Diego,
 2012 WL 628307 (S.D. Cal. 2012) ...........................................................................................................3

Smith-Downs v. City of Stockton,
 2012 WL 671932 (E.D. Cal. 2012) ...........................................................................................................3

iv

**DEFENDANTS COUNTY OF SACRAMENTO, SHERIFF SCOTT R. JONES, ANTHONY PAONESSA, AND DR. VEER BABU MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

Soliz v. City of Bakersfield,
  2012 WL 3645358 (E.D. Cal. 2012) .................................................................................4

United States v. Reese,
  2 F.3d 870 (9th Cir. 1993) ..............................................................................................6

Villanueva v. California,
  No. 8:17-CV-01302 JLS KES, 2019 WL 1581392 (C.D. Cal. Jan. 31, 2019) ....................6

Weinreich v. Los Angeles Cnty. Metro. Transp. Auth.,
  114 F.3d 976 (9th Cir. 1997) ........................................................................................11

Zukle v. Regents of Univ. of California,
  166 F.3d 1041 (9th Cir. 1999) ......................................................................................12

Statutes

29 U.S.C. § 794(a) ...............................................................................................................11, 12

42 U.S.C. § 12132 ...............................................................................................................11, 12

42 U.S.C. §§ 12101 ...................................................................................................................11

Cal. Government Code Section 820.2...........................................................................8, 9, 10

Cal. Gov't Code § 820.8 ....................................................................................................10, 11

Cal. Gov't Code § 844.6(a)(2) .....................................................................................................5

California Government Code section 844...................................................................................5

California Government Code section 844.6................................................................................5

§ 815.2 .....................................................................................................................................9, 10

Rules

12(b)(6) of the Federal Rules of Civil Procedure ...................................................................1

Regulations

Cal. Code Regs. tit. 15, § 3392(a)(11) .......................................................................................9

v

**DEFENDANTS COUNTY OF SACRAMENTO, SHERIFF SCOTT R. JONES, ANTHONY PAONESSA, AND DR. VEER BABU MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

4886-3734-4097, v. 1

Defendants the County of Sacramento ("County"), Former Sacramento County Sheriff Scott R. Jones ("Sheriff"), Jail Commander Anthony Paonessa ("Commander Paonessa"), and Jail Medical Director Veer Babu ("Dr. Babu") respectfully move this court pursuant to 12(b)(6) of the Federal Rules of Civil Procedure and submit this Memorandum of Points and Authorities in support of their Motion to Dismiss portions of Plaintiff's First Amended Complaint ("Complaint").

## I. INTRODUCTION

This case arises from the in-custody death of Anthony Galley on February 15, 2022 at the Sacramento County Jail, following his arrest two days earlier. Defendants now seek dismissal of certain Plaintiffs and claims.

## II. PLAINTIFFS' ALLEGATIONS

The following is a summary of Plaintiffs' allegations in the Complaint.

**A.     Background**

The Decedent was a 37-year-old male. (Complaint ¶ 21). The Decedent had a habit of drinking 1 gallon of hard alcohol daily for the last two years. (Complaint ¶ 22-23). On February 13, 2022, Decedent was attending a Super Bowl party when an altercation occurred between one or more guests at the party and Decedent. (Complaint ¶ 22). As Decedent attempted to leave the party in his car, an individual clung to one of the side door mirrors while the car was moving, fell, and the individuals legs were injured. (Complaint ¶ 22). Decedent was arrested for an alleged hit and run and brought to the Sacramento County Jail. (Complaint ¶ 22).

Plaintiffs P.P. and B.P. are minors. (Complaint ¶ 3-4). They are both the Decedent's biological children and successors in interest, and as such are a real party in interest. (Complaint ¶ 3-4) They bring this action in both their representative capacity on behalf of the Decedent and in their own individual capacity. (Complaint ¶ 3-5)

**B.     The Alleged Incident**

On February 13, 2022, in the late evening hours, Decedent was brought into the Sacramento County Main Jail for drinking and driving and an alleged hit and run. (Complaint ¶ 22). Decedent was medically screened by Maxim Healthcare Services Inc., dba Maxim Staffing Solutions employee RN Erica Woods during intake. Decedent allegedly reported that he used alcohol within the last 14 days,

**DEFENDANTS COUNTY OF SACRAMENTO, SHERIFF SCOTT R. JONES, ANTHONY PAONESSA, AND DR. VEER BABU MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

4886-3734-4097, v. 1

within the last 24 hours, had a history of alcohol use, had used hard alcohol on more than 20 days within the last 30 days, had used hard alcohol for the last 2 years, had last used hard alcohol earlier that day (2/13/22); had a habit of drinking 1 gallon of hard alcohol daily for the last two years; and had a history of alcohol withdrawal. (Complaint ¶ 23) Decedent allegedly suffered from a longstanding alcohol use disorder, and was physically dependent on alcohol. (Complaint ¶ 23)

Plaintiff alleges that RN Woods failed to put Decedent on immediate detoxification and alcohol withdrawal protocols, which would have included repeated monitoring, assessments for withdrawal symptoms (every 8 hours, at minimum), vitamins such as thiamine, folic acid, and multivitamins, and medications such as diazepam to prevent serious alcohol withdrawal. (Complaint ¶ 25) Plaintiff alleges that RN Woods also failed to provide Decedent with direct visual observation and/or refused requests for medical care, including appropriate detoxification and withdrawal measures. (Complaint ¶ 26).

Plaintiff alleges that the Sacramento County Jail never completed further monitoring or assessing Decedent for signs of alcohol withdrawal while he awaited to be booked into Jail. (Complaint ¶ 27). Plaintiff alleges that Decedent asked to be seen by jail medical staff, but was told he had already been seen at intake and would be seen again after he was processed and placed in an upstairs jail housing unit. (Complaint ¶ 27).

In the early morning hours of February 15, 2022, Decedent had a seizure while lying on a table in the Jail's Own Recognizance (OR) tank, where he and other inmates had been brought for their classification interviews. (Complaint ¶ 27). Deputies and medical staff responded. (Complaint ¶ 28-29). Approximately 10 minutes later, Sacramento Fire Department arrived on the scene, continued administering aid, and brought Decedent to Sutter Medical Center, where he was pronounced dead in the emergency department. (Complaint ¶ 28).

## C.     Sheriff Jones and the County

Sacramento County Sheriff Scott Jones is the final policymaking authority for the County and Sacramento County Sheriff's Department. (Complaint ¶ 7). Plaintiff alleges Sheriff Jones was ultimately responsible for the provision of medical and mental health care to inmates at the County Jail, including assessment of inmates for medical emergencies, medical needs, and mental health needs, and all County policies, procedures, hiring, staffing, supervision, and training. (Complaint ¶ 7).

**DEFENDANTS COUNTY OF SACRAMENTO, SHERIFF SCOTT R. JONES, ANTHONY PAONESSA, AND DR. VEER BABU MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

4886-3734-4097, v. 1

Jail Commander Anthony Paonessa was employed as the Sacramento County Sheriff's Department Jail Commander and in charge of the Main Jail. (Complaint ¶ 8). He was a policy making official for the Main Jail, with authority delegated to him by the Sheriff, and responsible for all policies, procedures, hiring, staffing, supervision, and training at the Jail. (Complaint ¶ 8).

Dr. Veer Babu is the County of Sacramento's Department of Health Services as Chief Medical Officer and Medical Director. (Complaint ¶ 9). He was the Medical Director overseeing medical and mental healthcare services and at Sacramento County jails, through the Adult Correctional Health ("ACH") division of the County's Department of Health Services the Sacramento County Jail. He was a policy making official for the Main Jail and County, with authority delegated to him by the Sheriff, and responsible for all medical-related policies, procedures, hiring, staffing, supervision, and training at the jail, including but not limited to those related to detoxification protocols and medical screening upon intake. (Complaint ¶ 9).

### III. STANDARDS ON A RULE 12(B)(6) MOTION TO DISMISS

A Rule 12(b)(6) motion to dismiss challenges a complaint's compliance with the Rule 8 pleading requirements. A complaint must give defendants "fair notice of what the claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). To meet this requirement, the complaint must be supported by facts. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). The complaint must allege "enough facts to state a claim for relief that is plausible on its face." Twombly, 550 U.S. at 547. Twombly explicitly held that a complaint does not survive a motion to dismiss if all it contains is a "blanket assertion" of entitlement to relief. Id. at 556 n. 3.

### IV.   ARGUMENT

**A.   Plaintiffs' P.P. And B.P. Do Not Have Standing Because They Did Not Seek A Court Approved Guardian Ad Litem Under Local Rule 202**

"It is clear in this circuit that standing 'is a threshold issue that precedes consideration of any claim on the merits.'" Smith-Downs v. City of Stockton, 2012 WL 671932, *2 (E.D. Cal. 2012); see also Moreland v. City of Las Vegas, 159 F.3d 365, 369 (9th Cir. 1998). A court looks to the law of the forum state to determine who has standing to assert a section 1983 claim on behalf of a decedent prisoner. Smith v. County of San Diego, 2012 WL 628307, *3 (S.D. Cal. 2012). It is Plaintiffs' burden to

1    establish standing. <u>Soliz v. City of Bakersfield</u>, 2012 WL 3645358, *4 (E.D. Cal. 2012).

2         Pursuant to Rule 17(b) state law should be applied when determining capacity to sue. Fed. R.

3    Civ. P. § 17(b). "In California, a minor must be represented by a guardian ad litem in court proceedings.

4    [Citation] If the minor is a plaintiff in a cause of action then a guardian ad litem must be appointed

5    before issuance of the summons." <u>Kulya v. City and County of San Francisco</u>, 2007 WL 760776, *1

6    (N.D. Cal. 2007); see also <u>In re Nicole H.</u>, 201 Cal.App.4th 388, 400-01 (2011). A minor cannot sue in

7    their own name. <u>Safai v. Safai</u>, 164 Cal.App.4th 233, 245 (2008).

8         Notwithstanding Rule 17, Eastern District Local Rule 202 requires that upon the commencement

9    of an action or upon an initial appearance, the attorney representing the minor or incompetent person

10   shall present "(2) a motion for the appointment of a guardian ad litem by the Court, or, (3) a showing

11   satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the

12   minor or incompetent person." See e.g. K.A. v. Clinica Sierra Vista, No. 121CV01105NONEEPG, 2021

13   WL 3476599, at *1 (E.D. Cal. July 22, 2021) (requiring appointment of guardian under local rule).

14   Plaintiffs have not made the satisfactory initial showing with a motion for appointment via a guardian ad

15   litem under Local Rule 202 but rather sue through "their mother and next friend, Christina O'Neil."

16   (ECF 1) This is not proper under the Local Rule and Plaintiffs' currently lack standing to bring this suit.

17
18   **B.    Decedent Anthony Galley And Christina O'niel Are Not Proper Parties And Should Be Dismissed.**

19        The caption to the First Amended Complaint of Plaintiffs appears to list Decedent Anthony

20   Galley as a party and Plaintiff to the lawsuit, which is also reflected on the docket.  The caption also

21   appears to list Christina O'Niel as a party, which is also reflected on the docket.   However, neither are

22   proper parties, and the body of the complaint only lists the minors P.P and B.P. as decedent's successors

23   in interest, as plaintiffs.  This issue was first raised by the Defendants' during their meet and confer

24   efforts and subsequently on the Motion to Dismiss the Complaint. (ECF 18—Motion to Dismiss). The

25   First Amended Complaint has not fixed this issue and the Defendants seek the Court to issue an order

26   that the docket should be corrected to reflect that only P.P and B.P. are party-plaintiffs, subject to the

27   above Guardian Ad-Litem standing under Local Rule 202.

28

**DEFENDANTS COUNTY OF SACRAMENTO, SHERIFF SCOTT R. JONES, ANTHONY PAONESSA, AND DR. VEER BABU MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

4886-3734-4097, v. 1

1

**C.     The County Is Immune From Direct Liability Under State Law**

2
3         Subject to certain exceptions not applicable here, California Government Code section 844.6
4  accords broad public entity immunity and provides that such entities are not liable for "[a]n injury to any
5  prisoner." Cal. Gov't Code § 844.6(a)(2).  Because Plaintiff was an inmate (See California Government
   Code section 844 …"  "a lawfully arrested person who is brought into a law enforcement facility for the
6  purpose of being booked... becomes a prisoner, as a matter of law, upon his or her initial
7  entry into a prison, jail, or penal or correctional facility, pursuant to penal processes") at the time of the
8  alleged injuries giving rise to the state-based claims for relief, section 844.6 bars these claims in their
9  entirety. Courts have afforded this section a broad application.  <u>Munson v. California</u>, 2011 WL 284591,
10 at *3 (E.D. Cal. Jan.25, 2011).

11        The Decedent's death is the injury that forms the basis of the FAC's negligence and wrongful
12 death claims. The County is therefore immune from liability for the alleged negligent actions of its
13 employees while Decedent was incarcerated at the Main Jail. To the extent Plaintiffs' claims are based
14 on the inadequacy of the jail medical staffing (FAC, ¶ 46, 49, 53, 55) or facilities (FAC, ¶ 87-88), the
15 claims against all Defendants are barred by Government Code Section 845.2 Section 845.2 provides,
16 "neither a public entity nor a public employee is liable for ... failure to provide sufficient equipment,
17 personnel or facilities [in a jail]." Thus, Plaintiffs cannot plead a negligence or wrongful death claim
18 against Defendants based on inadequate staffing, facilities or services available or provided to Decedent.
19 Accordingly, all state-based claims asserted directly against the County should be dismissed.

20
   **D.     Plaintiffs' Civil Code Section 52.1 Bane Act Claim Fails To Articulate Any Threat,
21          Coercion Or Intimidation By Defendants**

22        Civil Code Section 52.1—the Bane Act—creates a civil cause of action for damages against any
23 person who interferes, or attempts to interfere, by threats, intimidation, or coercion, with the exercise or
24 enjoyment of a person's constitutional or statutory rights. The "threat, intimidation, or coercion" need
25 not "be independent from the constitutional violation alleged." <u>Reese v. Cnty. of Sacramento</u>, 888 F.3d
26 1030, 1043 (9th Cir. 2018) A plaintiff pursuing a Bane Act claim must also show that "the [defendant]
27 officer had a specific intent to violate" the state or federal right at issue. <u>Cornell v. City & Cnty. of San</u>
28 <u>Francisco</u>, 17 Cal. App. 5th 766, 801-802 (1st Dist. 2017) "[S]pecific intent" may be shown by

**DEFENDANTS COUNTY OF SACRAMENTO, SHERIFF SCOTT R. JONES, ANTHONY PAONESSA, AND DR. VEER BABU MOTION TO DISMISS PLAINTIFFS' COMPLAINT**
4886-3734-4097, v. 1

demonstrating that the officer "acted ... 'in reckless disregard of constitutional or statutory prohibitions or guarantees.' " Id. at 803-804; Reese, 888 F.3d at 1045 ("[A] reckless disregard for a person's constitutional rights is evidence of a specific intent to deprive that person of those rights.") (quoting United States v. Reese, 2 F.3d 870, 885 (9th Cir. 1993)).

The Ninth Circuit in Reese explicitly held that specific intent to violate the plaintiff's rights is a requirement of a Bane Act claim. Reese, at 888 F.3d at 1043 ("[T]he Bane Act requires...a specific intent to violate the arrestee's right to freedom from unreasonable seizure."). Moreover, the Reese court clarified that, although the Ninth Circuit had previously found that only a constitutional violation was needed to succeed on a Bane Act claim, those cases "did not address whether the [ ] Act required some showing of intent in addition to showing the constitutional violation." Id. at 1044 (Cameron v. Craig, 713 F. 3d 1012, 1022 (9th Cir. 2013)).

To succeed on this claim, Plaintiffs must show (1) that the County, Sheriff, Commander Paonessa, and Dr. Babu violated Decedent's constitutional rights in failing to provide medical care, and (2) that each of these defendants had a specific intent to violate those rights. Villanueva v. California, No. 8:17-CV-01302 JLS KES, 2019 WL 1581392, at *15 (C.D. Cal. Jan. 31, 2019). Threats intimidation and coercion all involve affirmative acts. Meyers v. City of Fresno, 2011 WL 902115 at *5 (E.D. Cal. Mar. 15 2011). A failure to assist on the other hand is a failure to act, rather than an affirmative act violating a plaintiff's constitutional rights. A failure to intervene does not constitute threats, intimidation or coercion. Hernandez v. City of San Jose, 2017 WL 977047 (N.D. March 14, 2017)

Plaintiff's FAC cites to  rulings from Judge Drozd to support their position. These are all inapposite to their position. In Page v. County of Madera, 2017 WL 5998227 *4-5 (E.D. Cal. 2017) the Court admitted "district courts in California have yet to reach a consensus as to whether a plaintiff bringing a Bane Act claim for deliberate indifference to serious medical needs must plead threats and coercion independent of the constitutional violation." While Page found the plaintiffs' plead enough for a Bane Act Claim, the Court relied on allegations that correctional officers "used control holds to move Mr. Page forcefully back to Cell K-22" and that "Mr. Page attempted to hide under the bench in the cell" were actions sufficiently alleged physical coercion. Id. at *5.  Here, there are no actions of physical coercion or actions by correctional staff which can sufficiently link to the Bane Act.

**DEFENDANTS COUNTY OF SACRAMENTO, SHERIFF SCOTT R. JONES, ANTHONY PAONESSA, AND DR. VEER BABU MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

4886-3734-4097, v. 1

In <u>Atayde v. Napa State Hospital,</u> 2016 WL 4943959 *7-8 (E.D. Cal. 2016), the court stated that threats, coercion, and intimidation are inherent in a deliberate indifference claim. However, the Court noted in fn1 that:

> Plaintiff's complaint includes allegations that the county defendants intentionally and with deliberate indifference: continued to house the decedent in segregated housing after it was determined that he was mentally ill and was refusing to take his prescribed medications; did not have decedent seen by a psychiatrist after his first suicide attempt while incarcerated or thereafter; never provided a treatment plan for decedent; failed to refer decedent to any state hospital or psychiatric facility and failed to provide decedent with constant observation but rather left him alone and unsupervised. [citation removed] Such allegations go far beyond mere reliance on the inherently coercive nature of detention in order to state a Bane Act claim.

Similar to <u>Page,</u> the <u>Atayde</u> ruling relied and referenced further supporting claims within the complaint that showed the evidence of possible threats, intimidation, or coercion of an inmates medical care treatment. This would support the Defendants' position that Bane Act claims without these allegations to not survive. (*Moreno v. Los Angeles Cty. Sheriff's Dep't*, 2015 WL 4652637, at *18 (C.D. Cal. Aug. 3, 2015) (granting county's motion for summary judgment because "plaintiffs ha[d] not proffered evidence creating a triable issue of fact as to the existence of threats, intimidation, or coercion by defendants in connection with the alleged deprivation of [the] decedent's right to medical care...").

In <u>Neuroth v. Mendocino County,</u> 2016 WL 379806 *7 (N.D. Cal. 2016), the Court did not make specific ruling that a Bane Act claim arising from a failure to provide medical care must plead threats and coercion independent of the constitutional violation.

More recent case law from this district has recognized that a plaintiffs claim involving failure to respond to an inmate's medical needs requires pleading separate "threats, coercion, or intimidation." <u>Lowe v. County of Butte,</u> 2021 WL 1890386 *8-9 (E.D. Cal. May 11, 2021). Bane Act liability extends only to rights/violations accompanied by threats, intimidation and/or coercion. Plaintiff's complaint alleges that decedent had the right to be free from deliberate indifference to his serious medical needs, freedom from incarceration and timely restorative treatment, wrongful government interference with familial relationships. Incarceration coupled with deliberate indifference to a medical and psychiatric need does not constitute threats, intimidation, coercion for purposes of section 52.1. <u>Lopez v. County of Tulare,</u> 2012 WL33244 at *11 (E.D. Cal. Jan 6, 2012).

Plaintiff's Complaint does not plausibly allege any facts to show Defendants Sheriff Jones, Jail

**DEFENDANTS COUNTY OF SACRAMENTO, SHERIFF SCOTT R. JONES, ANTHONY PAONESSA, AND DR. VEER BABU MOTION TO DISMISS PLAINTIFFS' COMPLAINT**
4886-3734-4097, v. 1

Commander Paonessa, or Dr. Babu used threat, intimidation, or coercion in the alleged denial of medical care. The conclusory statement that these Defendants acted "by threat, intimidation, and/or coercion, or with reckless disregard for rights, interfered with, attempted to interfere with" Decedent's right is not enough. (ECF 1—Complaint ¶ 62) There are no allegations any of these defendants were present during Decedent's incarceration at the Sacramento County Main Jail between February 13-15, 2022, or had any specific knowledge regarding Decedent's current medical state. There are no plead facts that the County, Sheriff, Commander Paonessa, and Dr. Babu knowingly deprived Decedent of a constitutional right through an act of deliberate indifference. Plaintiff has not plead that the County, Sheriff, Commander Paonessa, or Dr. Babu acted with the particular purpose of depriving the Decedent of his enjoyment of the interests protected by the Fourteenth Amendment. Under this standard, pleading reckless disregard of the issue is necessary, but also it the requirement that Plaintiffs' adequately alleged that that the County, Sheriff, Commander Paonessa, or Dr. Babu acted with the requisite specific intent under the Bane Act. None of these Defendants had a specific intent or are alleged to have had a specific intent to deprive Decedent of medical care.

Plaintiffs' complaint has failed to alleged any facts indicating threats, intimidation, or coercion by Defendants Sheriff Jones, Jail Commander Paonessa, or Dr. Babu. There are no facts alleged supporting a claim for violation of section 52.1. Therefore, Plaintiffs have failed to state a plausible claim under the Bane Act and this claim must be dismissed.

**E.      Plaintiffs' Negligence Claim Fails To State A Claim For Relief Because Policy Makers Are Immune From Liability Under Government Code Section 820.2 And 820.8**

Under California law, a claim for negligence is stated where a defendant is obligated to conform to a certain standard of conduct to protect others from unreasonable risks (duty); defendant fails to conform to that standard (breach of duty); there is a reasonably close connection between the defendant's conduct and the resulting injuries (proximate cause); and plaintiff suffers actual loss (damages). Corales v. Bennett, 567 F.3d 554, 572 (9th Cir. 2009) (quoting McGarry v. Sax, 158 Cal. App. 4th 983, 994 (2008)).

Plaintiff attempts to avoid this immunity by adjudicating that "all such conduct by Defendants…was ministerial and not discretionary as defined by Cal. Government Code Section 820.2

**DEFENDANTS COUNTY OF SACRAMENTO, SHERIFF SCOTT R. JONES, ANTHONY PAONESSA, AND DR. VEER BABU MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

4886-3734-4097, v. 1

and similar state law provisions." (ECF 20 ¶ 58, page 27:23-25) Plaintiffs' cannot avoid immunity at the pleading stage by declaring actions were ministerial—a legal issue for this Court—without any evidence beyond a single sentence. For this reason alone, the claim fails.

Plaintiffs also fail to state a claim for negligence because the Complaint fails to plead facts showing that Defendants breached their duty, and fails to plead facts showing that Defendants' conduct caused Plaintiffs damages. According to the complaint, Defendants breached their duty because the County did not act with due care by failing to maintain policies and practices to provide prompt and appropriate medical care and supervision for Decedent, failing to refrain from unreasonably creating danger, and failing to ensure medical and custody staff provided for inmates needs. (ECF 1—Complaint ¶ 73). But as detailed above, the complaint pleads no facts showing that Defendants Sheriff, Commander Paonessa, or Dr. Babu knew about Decedent's current medical care. Accordingly, the Sheriff, Commander Paonessa, and Dr. Babu did not permit the increasing risk to Decedent because they did not know it was happening. Plaintiffs' allegation that Defendants "refrain from unreasonably creating danger or increasing Decedent's risk of harm" is a legal conclusion, devoid of factual support, and therefore need not be taken as true. See, e.g., <u>Twombly</u>, 550 U.S. at 555. The complaint fails to state a claim for negligence.

### 1.    Defendants Are Entitled To Immunity Pursuant To Section 820.2 and 815.2

"[A] public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused." Government Code § 820.2. Sheriff Jones, as sheriff for Sacramento County, was acting as the hiring authority, with the power to "hire, initiate the investigation process by submitting a confidential request for internal affairs investigation or approval for direct adverse action, discipline, and dismiss staff." Cal. Code Regs. tit. 15, § 3392(a)(11). Sheriff Jones was the final policy maker for the Sacramento County Sheriff's Department. (ECF 1—Complaint ¶ 7) Plaintiffs further allege that Jail Commander Paonessa and Dr. Babu also maintained significant discretionary control over the operation and medical care at the Jail.  (ECF 1—Complaint ¶ 8-9)

The County of Sacramento has discretionary act immunity under Government Code § 815.2. Government Code § 815.2 provides that "[e]xcept as otherwise provided by statute, a public entity is not

**DEFENDANTS COUNTY OF SACRAMENTO, SHERIFF SCOTT R. JONES, ANTHONY PAONESSA, AND DR. VEER BABU MOTION TO DISMISS PLAINTIFFS' COMPLAINT**
4886-3734-4097, v. 1

liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability." Thus, if Sheriff Jones has immunity under § 820.2 for the negligent supervision, hiring, and retention claim, then the County has immunity under § 815.2 for the same claim.

Plaintiffs' are not claiming that Sheriff Jones, Jail Commander Paonessa, and Dr. Babu themselves participated in the medical care or made a decision for Decedent to not be placed on alcohol detoxing. Rather, Plaintiffs' sued these Defendants' for allegedly adopting an unlawful medical treatment policy for inmates. Setting policy for the jail is the type of high-level discretionary conduct that is immune under the Government Code. Moore v. Baca, 2002 WL 31870541 (C.D. Cal. 2002) *3 (applying discretionary immunity to bar Unruh Act claims of a prisoner).

Plaintiffs' allegations of negligence against Sheriff Jones, Jail Commander Paonessa, and Dr. Babu actions fall under the discretionary, not operational decisions, which enjoy immunity under Government Code § 820.2. Consequently, the County is also immune under Government Code § 815.2.

Sheriff Jones has discretionary act immunity for the negligent supervision, hiring, and retention claim because the funding, type of program, how a program will be designed, how the policy/practices fit or are suited to carry out welfare and security and political goals, are highly discretionary and at times only to be made by the Sheriff. This court can determine Section 820.2 immunity on a motion to dismiss. Gonzalez v. United States, 814 F.3d 1022, 1025 (9th Cir. 2016) (holding, on an appeal from a motion to dismiss, that discretionary immunity barred plaintiffs' claims); Caldwell, 42 Cal.Rptr.2d 842, (holding, on an appeal from a sustained demurrer by the trial court, that discretionary immunity applied). Therefore, this Court can determine as a matter of law that Sheriff Jones and the County have immunity under discretionary act immunity Government Code §§ 820.2 and 815.2.

### 2. Defendants Are Entitled To Immunity Pursuant To Section 820.8

Under Government Code § 820.8, "a public employee is not liable for an injury caused by the act or omission of another person." Cal. Gov't Code § 820.8. "Rather, the liability of each must be found in his personal fault." Martinez v. Cahill, 215 Cal.App.2d 823, 824 (1963). Here no such personal fault is alleged. Pursuant to Government Code § 820.8, a public entity employee is only liable for his own acts or omissions, not those of a third party. As such, Defendants Sheriff Jones, Jail Commander Paonessa,

and Dr. Babu cannot be held liable for the acts or omissions of other jail staff in preventing Nurse Woods from allegedly completing detoxing orders. They were not personally at fault, nor were they present, during Decedent's brief incarceration.

As discussed above, the complaint does not allege any facts showing that Defendants Sheriff Jones, Jail Commander Paonessa, and Dr. Babu knew of a substantial risk of serious harm to Decedent, or knew that Decedent did not allegedly receiving alcohol detoxing while at the Jail. Instead of alleging moving Defendants' personal fault, Plaintiff is attempting to hold moving Defendants liable for Nurse Woods medical treatment and medical decisions, which is not permitted under Government Code § 820.8.

## F. Plaintiffs' Claims For Ada & Rehabilitation Act Fail As A Matter Of Law And Should Be Dismissed

To state a claim for relief under Title II of the ADA, a plaintiff must show: (1) he is a qualified individual with a disability; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. Weinreich v. Los Angeles Cnty. Metro. Transp. Auth., 114 F.3d 976, 978 (9th Cir. 1997) (citing 42 U.S.C. § 12132).

Plaintiffs allege that the County discriminated against Decedent in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq*., and the Rehabilitation Act, 29 U.S.C. § 794(a), because the County allegedly failed to provide adequate medical by: (1) by excluding Decedent from participation in the COUNTY's services, programs, or activities for jail inmates with substance use disorders such as alcohol dependence; and/or (2) by otherwise discriminating against Decedent with regard to the County's services, programs, or activities for jail inmates with substance use disorders such as alcohol dependence; and/or (3) by denying Decedent -- as a jail inmate deprived of the ability to secure his own medical care and treatment -- reasonable modifications or accommodations for his substance use disorders, including alcohol dependence and risk of severe and life-threatening alcohol withdrawal. (ECF 1—Complaint ¶ 91)

Both the ADA and Rehabilitation Act prohibit discrimination on the basis of disability.

4886-3734-4097, v. 1

Specifically, Title II of the ADA provides:

> [N]o qualified individual with a disability shall, *by reason of such disability*, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination ... 42 U.S.C. § 12132 (emphasis added).

Similarly, the Rehabilitation Act provides:

> No otherwise qualified individual with a disability ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination .... 29 U.S.C. § 794(a) (emphasis added).

To set forth these claims, the Plaintiffs' bears the burden of establishing Decedent was excluded from participating in or denied services by the County "by reason of" (ADA) or "solely because of" (Rehabilitation Act) his purported disability.[1] Notably, the claims prohibit discrimination because of disability, not inadequate treatment for disability. Simmons v. Navajo County, 609F.3d 1011, 1022 ("The ADA prohibits discrimination because of disability, not inadequate treatment for disability.") To the extent Plaintiffs' ADA/RA claim is based on the failure of Jail medical staff to provide adequate medical treatment, it should fail.

Furthermore, absent evidence of discriminatory intent, if allegations are that the defendants denied a plaintiff "mental health medication and did not immediately provide him medically necessary care ... these allegations do not state a claim under the ADA." Figueira by & through Castillo v. City of Sutter, 2015 WL 6449151, at *9 (E.D. Cal. Oct. 23, 2015) ("[D]efendants cannot have violated the ADA by failing to attend to the medical needs of [mentally] disabled prisoners."); Brown v. Brown, 2015 WL 2374284, at *6 (E.D. Cal. May 18, 2015) ("[T]he, the underlying allegations appear related solely to the medical care Plaintiff was provided, and the treatment, or lack of treatment, concerning Plaintiff's medical conditions does not provide a basis upon which to impose liability under the ADA."); Arreola v. California Dep't of Corr. & Rehab., 2017 WL 1196802, at *2 (N.D. Cal. Mar. 31, 2017) ("Simply alleging a need for services is not enough. [Plaintiff] must plausibly allege that he was denied benefits or programs, or discriminated against, because of a disability.")

---

[1] Because "[t]here is no significant difference in analysis of the rights and obligations created by the ADA and the Rehabilitation Act," the Ninth Circuit applies "the same analysis to claims brought under both statutes." Estate of Martin v. Cal. VA, 560 F.3d 1042, 1047 n.7 (9th Cir. 2009 (citing Zukle v. Regents of Univ. of California, 166 F.3d 1041, 1045 n.11 (9th Cir. 1999)).

**DEFENDANTS COUNTY OF SACRAMENTO, SHERIFF SCOTT R. JONES, ANTHONY PAONESSA, AND DR. VEER BABU MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

4886-3734-4097, v. 1

The ADA and RA claims in the Complaint do not plausibly allege that Decedent was precluded from access to mental health treatment because of his alleged alcohol dependency, i.e. his disability. Rather, Plaintiffs' claims are that the County's policies, customs, or practices regarding the provision of medical care are inadequate, not that Decedent was denied services as a result of a disability.

Mere allegations that the County did not treat or provide services to Decedent for alcohol treatment does not equate to discriminatory conduct or intent. Plaintiffs failed to provide any factual support that Decedent was excluded from participating in or treated differently with respect to any services, programs, or activities at the Sacramento County Main Jail "by reason of" and "solely because" of his purported illness. The allegations in the Complaint similarly fail to provide any factual basis to allege that Decedent was denied any benefits or specifically discriminated against because of his disability. For example, there are no facts alleged that Decedent was denied alcohol detoxing by Nurse Woods as a result of his disability, that he was not provided medication as a result of his disability, and the alleged outright denial of services was because of his disability. Rather, the Complaint simply concludes—without any supporting facts or evidence—that Decedent was discriminated against due to his disability. Plaintiffs' do not, nor can it, contend that the provision of medical health services was somehow denied to Decedent due to his alcohol abuse history but was received or offered to non-disabled inmates at the Sacramento County Main Jail. The Plaintiffs' failed to sufficiently plead claims under the ADA and Rehabilitation Act and there is nothing to indicate that it can assert plausible claims if given another opportunity. As such, these claims should be dismissed, with prejudice, as to all County Defendants.

## V. CONCLUSION

The complaint attempts to assert claims that Defendants failed to provide medical care to Decedent without pleading any facts showing that Defendants Sheriff Jones, Jail Commander Paonessa, and Dr. Babu knew of Decedent's current medical state or alleged requests for medical attention. As such, the Bane Act, negligence claims, and ADA/RA claim should be dismissed against the individual Defendants. Furthermore, they are entitled to statutory immunity. The complaint as to Defendants County, Sheriff Jones, Jail Commander Paonessa, and Dr. Babu should be dismissed.

//

**DEFENDANTS COUNTY OF SACRAMENTO, SHERIFF SCOTT R. JONES, ANTHONY PAONESSA, AND DR. VEER BABU MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

4886-3734-4097, v. 1

1  Dated:  May 5, 2023                    PORTER SCOTT
2                                         A PROFESSIONAL CORPORATION
3
4                                         By  /s/John R. Whitefleet
                                               Carl L. Fessenden
5                                              John R. Whitefleet
                                               Matthew W. Gross
6                                              Attorneys for Defendants
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DEFENDANTS COUNTY OF SACRAMENTO, SHERIFF SCOTT R. JONES, ANTHONY PAONESSA, AND DR. VEER BABU MOTION TO DISMISS PLAINTIFFS' COMPLAINT**
4886-3734-4097, v. 1