**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Carl L. Fessenden, SBN 161494
cfessenden@porterscott.com
John R. Whitefleet, SBN 213301
jwhitefleet@porterscott.com
Matthew W. Gross, SBN 324007
mgross@porterscott.com
350 University Ave., Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants
COUNTY OF SACRAMENTO; FORMER SACRAMENTO COUNTY SHERIFF SCOTT R. JONES; ANTHONY PAONESSA; and VEER BABU, M.D.,
*Exempt from Filing Fees Pursuant to Government Code § 6103*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY GALLEY, Deceased, by and through his Co-Successors in Interest, P.P. and B.P., minors, through their mother and Next Friend, Christina O'Neil, Individually and as Co-Successors in Interest for ANTHONY GALLEY, Deceased,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SACRAMENTO, a public entity; FORMER SACRAMENTO COUNTY SHERIFF SCOTT R. JONES, in his individual capacity; Jail Commander ANTHONY PAONESSA, Jail Medical Director VEER BABU, M.D., ERICA WOODS, R.N., and DOES 1-20; individually, jointly and severally,<br><br>Defendants.<br>_____/ | CASE NO. 2:23-cv-00325-WBS-AC<br><br>**DEFENDANTS COUNTY OF SACRAMENTO, SHERIFF SCOTT R. JONES, ANTHONY PAONESSA, AND DR. VEER BABU REPLY TO OPPOSITION TO MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Date:        July 10, 2023<br>Time:        1:30 p.m.<br>Courtroom:  5, 14th Floor<br>Judge:        Hon. William B. Shubb<br><br>FAC: 04/21/23<br>Complaint Filed:  02/23/2023 |

i
**DEFENDANTS COUNTY OF SACRAMENTO, SHERIFF SCOTT R. JONES, ANTHONY PAONESSA, AND DR. VEER BABU REPLY TO OPPOSITION TO MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**
4857-6787-7483, v. 1

Defendants the County of Sacramento ("County"), Former Sacramento County Sheriff Scott R. Jones ("Sheriff"), Jail Commander Anthony Paonessa ("Commander Paonessa"), and Jail Medical Director Veer Babu ("Dr. Babu") hereby submit the following reply to the Opposition filed by Plaintiffs to Defendants' motion to dismiss portions of Plaintiff's First Amended Complaint ("Complaint").

## I. ARGUMENT

### A. Plaintiffs' P.P. And B.P. Do Not Have Standing Because They Did Not Seek A Court Approved Guardian Ad Litem Under Local Rule 202

Defendants argued the minor Plaintiffs P.P. and B.P., have not complied with Eastern District Local Rule 202 which requires that upon the commencement of an action or upon an initial appearance, the attorney representing the minor or incompetent person shall present "(2) a motion for the appointment of a guardian ad litem by the Court, or, (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person."

In opposition, Plaintiffs argue the appointment of a guardian ad litem is unnecessary as they have made a satisfactory showing of Christina O'Neil as next friend by virtue of the Declarations filed pursuant to California Code of Civil Procedure 377.32. (ECF Nos. 7 and 8).  However, Plaintiffs cite to no authority in support of this proposition, and Defendants are unaware of any.  Regardless, Defendants would be satisfied should the court find said showing has been made.

### B. Decedent Anthony Galley And Christina O'niel Are Not Proper Parties And Should Be Dismissed.

Defendants noted that because of the confusing way in which the caption to the First Amended Complaint of Plaintiffs reads, the docket inappropriately lists Decedent Anthony Galley and Christina O'Niel as parties.  Plaintiffs agree neither are parties. (Opposition, p.3:19-25).  Accordingly, Defendants respectfully request the Court to issue an order to the clerk that the docket should be corrected to reflect that only P.P and B.P. are party-plaintiffs.

### C. The County Is Immune From Direct Liability Under State Law

Defendant County argued that direct liability under state law is foreclosed by operation of California Government Code section 844.6, which accords broad public entity immunity for any injuries to any prisoner, and California Government Code Section 845.2 which provides, "neither a public entity

1

**DEFENDANTS COUNTY OF SACRAMENTO, SHERIFF SCOTT R. JONES, ANTHONY PAONESSA, AND DR. VEER BABU MOTION TO DISMISS PLAINTIFFS' COMPLAINT**
4857-6787-7483, v. 1

nor a public employee is liable for ... failure to provide sufficient equipment, personnel or facilities [in a jail]."

In opposition, Plaintiffs essentially disclaim that they seek to hold the County directly liable, but rather indirectly liable under California Government Code section 845.6 and the Bane Act. (Opposition, p.4:19-23).  Given this representation, the motion in this regard would appear moot, and the rest of Plaintiffs' arguments in that regard superfluous.

**D.    Plaintiffs' Civil Code Section 52.1 Bane Act Claim Fails To Articulate Any Threat, Coercion Or Intimidation By Defendants, nor sufficient facts of specific intent**

Defendants argued that Plaintiffs failed to sufficiently allege (1) affirmative acts by the individual defendants to satisfy factual allegations of interference, or attempts to interfere, by threats, intimidation, or coercion, with the exercise or enjoyment of a person's constitutional or statutory rights and (2) the necessary specific intent, to state a valid claim under Civil Code Section 52.1 because the FAC does not plausibly allege any facts to show Defendants Sheriff Jones, Jail Commander Paonessa, or Dr. Babu used threat, intimidation, or coercion in the alleged denial of medical care, and the conclusory statements are not enough in the absence of any allegations any of these defendants were present during Decedent's incarceration at the Sacramento County Main Jail between February 13-15, 2022, or had any specific knowledge regarding Decedent's then medical state.

In opposition, Plaintiffs appears to confuse and conflate the specific intent requirement with the element of threats, intimidation, or coercion.  Plaintiffs rely on district court decisions out of the Northern District of California that effectively reduce the threats, intimidation, or coercion element in the Bane Act to the equivalent of mere intentional conduct inherent in the constitutional violation, citing to M.H. v. County of Alameda (N.D. Cal. 2013) 90 F.Supp.3d 889, and several cases following M.H. Defendants submit these arguments miss the mark.

Defendants Sheriff, Commander Paonessa, and Dr. Babu acknowledge that "deliberate indifference" can meet the specific intent standard – but did not argue as much.  Instead, Defendants argued the conclusory allegations were factually insufficient.  Plaintiffs cite to Paragraphs, 63, 64, and 68, but Defendants submit these allegations contain nothing more than conclusory language – not facts.  Accordingly, Defendants maintain these allegations are insufficient.

Defendants also submit Plaintiffs fail to point out any flaw in the logic that "there is nothing inherently threatening, intimating, or coercive about failing to provide adequate medical care." Lowe v. Cnty. of Butte through Dep't of Prob. & Sheriff's Dep't, No. 220CV01997JAMDMC, 2021 WL 1890386, at *9 (E.D. Cal. May 11, 2021). While Plaintiffs cite to Polanco v. California, No. 21-CV-06516-CRB, 2022 WL 1539784, at *4 (N.D. Cal. May 16, 2022), (Opposition, p.10:13-14) they conveniently ignore that the court in Polanco actually found that "allegations of deliberately indifferent failure to protect an employee do not amount to a 'threat, intimidation, or coercion.'" The other cases Plaintiffs cite are regarding specific intent, not threats intimation or coercion. In the end, this case is more like Lowe as the deliberate indifference is based on an alleged failure to provide adequate medical care, which does not inherently invoke threats intimation or coercion. Plaintiffs' complaint has failed to alleged any facts indicating threats, intimidation, or coercion by Defendants Sheriff Jones, Jail Commander Paonessa, or Dr. Babu. Therefore, Plaintiffs have failed to state a plausible claim under the Bane Act and this claim must be dismissed.

**E.     Plaintiffs' Negligence Claim Fails To State A Claim For Relief Because Policy Makers Are Immune From Liability Under Government Code Section 820.2 And 820.8**

Defendants Sheriff, Paonessa and Dr. Babu, as alleged policymakers (FAC Paragraphs 7-9), argued that they are immune from liability for negligence pursuant to California Government Code Sections 820.2 (discretionary immunity for policy decisions) and 820.8 (for acts of others).

Plaintiffs first argue that it is essentially premature to apply discretionary immunity because some acts could be ministerial. (Opposition, pp. 13-14)   This argument should be rejected.

The courts define ministerial as "only to an obedience to orders, or the performance of a duty in which the officer is left no choice of his own," whereas discretionary acts involve "personal deliberation, decision and judgment." Morgan v. County of Yuba (1964) 230 Cal.App.2d 938, 942-943 (quoting Prosser, Torts (3d ed. [1964]) p. 1015). In Johnson v. State of California (1968) 69 Cal.2d 782, 794, the court characterized this "distinction" as being "between the `planning' and `operational' levels of decision-making." Here, the allegations and the duties alleged by Plaintiffs (Paragraph 74, FAC) do not appear to make any distinction, such that maintaining policies, ensuring adequate staffing and training etc all smacks of planning stages, not operational decisions.

3

**DEFENDANTS COUNTY OF SACRAMENTO, SHERIFF SCOTT R. JONES, ANTHONY PAONESSA, AND DR. VEER BABU MOTION TO DISMISS PLAINTIFFS' COMPLAINT**
4857-6787-7483, v. 1

In opposing the application of California Government Code § 820.8, Plaintiffs argue the allegations involve the respective failures of Defendants Jones, Paonessa, and Babu "to reasonably staff, train, and supervise jail deputies and health care personnel tasked with screening, admitting, observing, monitoring, and protecting inmates. (Opposition, p. 14:21-25).

Plaintiffs conveniently ignore that the FAC does not allege any facts showing that Defendants Sheriff Jones, Jail Commander Paonessa, and Dr. Babu were present or knew of a substantial risk of serious harm to Decedent. Plaintiffs merely make conclusory allegations of supervision, based on every claimed failure of the nurse(s) who had interactions with decedent. Such is tantamount to attempting to allege vicarious liability on the individual supervisors, but without any facts to support such a claim. Accordingly, Defendants submit the motion should be granted.

### F. Plaintiffs' Claims For Ada & Rehabilitation Act Fail As A Matter Of Law And Should Be Dismissed

Defendants argued that the allegations fail to sufficiently state claims for relief under Title II of the ADA or the Rehabilitation Act,[1] because the FAC does not plausibly allege that Decedent was precluded from access to mental health treatment because of his alleged alcohol dependency, i.e. his disability, and the mere allegations that the County did not treat or provide services to Decedent for alcohol treatment does not equate to discriminatory conduct or intent, particularly because Plaintiffs failed to provide any factual support that Decedent was excluded from participating in or treated differently with respect to any services, programs, or activities at the Sacramento County Main Jail "by reason of" and "solely because" of his purported illness.

In opposition, Plaintiffs stand on the allegations, essentially arguing an "outright denial of medical services" is sufficient to imply the reason for the denial was because of a disability. Plaintiffs reliance on "outright denials" of service is misplaced, given that the allegations are that decadence was in fact medically screened (FAC, Paragraph 23), but that the nurse allegedly failed to account for historical claims of being an alcoholic or allegedly failed to account for symptoms of withdrawal, such that decedent should have been placed on a withdrawal protocol (Id, Paragraph 25). This is the same as to purported "accommodation" theory – Plaintiffs do not allege some denial of accommodation because

---

[1] Plaintiffs incorrectly argue their "reasonable accommodation" theory was not challenged, and such a theory still requires a causal connection and discriminatory intent, which Plaintiffs do not sufficiently allege.

4

**DEFENDANTS COUNTY OF SACRAMENTO, SHERIFF SCOTT R. JONES, ANTHONY PAONESSA, AND DR. VEER BABU MOTION TO DISMISS PLAINTIFFS' COMPLAINT**
4857-6787-7483, v. 1

of a disability – rather Plaintiffs equate the withdrawal protocol as the accommodation. These allegations are hardly an "outright denial" of services, but instead are akin to negligence. More importantly, there is nothing to suggest that Nurse Woods denied decedent access to a withdrawal protocol because of decedent's status as being an alcoholic. Thus, the cases of outright denial of services are distinguishable under these allegations.

Likewise, where Plaintiffs claim some disparate impact or treatment, Plaintiffs has not pled facts supporting the inference that non-disabled detainees were treated more favorably than decedent while detained in county jail.

The Plaintiffs' failed to sufficiently plead claims under the ADA and Rehabilitation Act and there is nothing to indicate that it can assert plausible claims if given another opportunity. As such, these claims should be dismissed, with prejudice, as to all County Defendants.

## II. CONCLUSION

For each of the foregoing reasons, the motion should be granted.

Dated:  June 21, 2023                                    PORTER SCOTT
                                                        A PROFESSIONAL CORPORATION


                                                        By  /s/John R. Whitefleet
                                                            Carl L. Fessenden
                                                            John R. Whitefleet
                                                            Matthew W. Gross
                                                            Attorneys for Defendants