BEACH LAW GROUP, LLP
500 E. ESPLANADE DRIVE, SUITE 1400
OXNARD, CALIFORNIA 93036
TELEPHONE: (805) 388-3100
FACSIMILE: (805) 388-3414

Thomas E. Beach - State Bar No. 096321
Rachel K. Mandelberg - State Bar No. 246018
Molly Loy - State Bar No. 274703
mail@beachlawgroup.com
Attorneys for Defendant,
MAXIM HEALTHCARE SERVICES, INC. dba MAXIM STAFFING SOLUTIONS; MAXIM HEALTHCARE STAFFING SERVICES, INC.; and ERICA WOODS

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY GALLEY, Deceased, by and through his Co-Successors in Interest, P.P. and B.P., minors, through their mother and Next Friend, Christina O'Neil, Individually and as Co-Successors in Interest for ANTHONY GALLEY, Deceased,

Plaintiffs,

v.

COUNTY OF SACRAMENTO, a public entity; FORMER SACRAMENTO COUNTY SHERIFF SCOTT R. JONES, in his individual capacity; Jail Commander ANTHONY PAONESSA, Jail Medical Director VEER BABU, M.D., MAXIM HEALTHCARE SERVICES, INC. dba MAXIM STAFFING SOLUTIONS, a Maryland Corporation; MAXIM HEALTHCARE STAFFING SERVICES, INC., a Maryland Corporation; ERICA WOODS, R.N., and DOES 1–20; individually, jointly, and severally,

Defendants.

Case No. 2:23-cv-00325-WBS-AC

Complaint Filed: 02/23/2023

Assigned to Hon. William B. Shubb

**NOTICE OF MOTION AND MOTION OF DEFENDANTS, MAXIM HEALTHCARE SERVICES, INC. dba MAXIM STAFFING SOLUTIONS; MAXIM HEALTHCARE STAFFING SERVICES, INC.; and ERICA WOODS TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES**

**DATE: September 11, 2023**
**TIME: 1:30 p.m.**
**CTRM: 5**

///

///



BEACH LAW GROUP, LLP
500 E. ESPLANADE DRIVE, SUITE 1400
OXNARD, CALIFORNIA 93036
TELEPHONE: (805) 388-3100
FACSIMILE: (805) 388-3414

BEACH LAW GROUP, LLP
500 E. Esplanade Drive, Suite 1400
Oxnard, California 93036
Telephone: (805) 388-3100
Facsimile: (805) 388-3414

TO THE COURT, ALL PARTIES, AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 11, 2023, 2023 at 1:30 pm, or as soon thereafter as the matter may be heard in Courtroom 5 of the United States District Court, Eastern District of California, located at 501 I Street, Sacramento, CA 95814, Defendants MAXIM HEALTHCARE SERVICES, INC. dba MAXIM STAFFING SOLUTIONS; MAXIM HEALTHCARE STAFFING SERVICES, INC.; and ERICA WOODS will and hereby do move to dismiss the First Amended Complaint filed by the plaintiffs pursuant to Federal Rules of Civil Procedure section 12(b)(6) on the grounds that:

(1) The plaintiffs' First Cause of Action for 42 U.S.C. § 1983 fails to state a claim against ERICA WOODS upon which relief can be granted (*Fed. Rule Civ. Proc.* 12(b)(6));

(2) The plaintiffs' Third Cause of Action for Violation of Civil Code section 52.1 fails to state a claim against MAXIM HEALTHCARE SERVICES, INC. dba MAXIM STAFFING SOLUTIONS, MAXIM HEALTHCARE STAFFING SERVICES, INC., and/or ERICA WOODS upon which relief can be granted (*Fed. Rule Civ. Proc.* 12(b)(6)); and

(3) The plaintiffs' Sixth Cause of Action for Violation of California Government Code section 845.6 fails to state a claim against ERICA WOODS upon which relief can be granted (*Fed. Rule Civ. Proc.* 12(b)(6)).

During the weeks of July 17, 2023, and July 24, 2023, counsel for the parties met and conferred numerous times to discuss the plaintiffs' complaint, the involvement of the named defendants, and the defendants' planned Motion to Dismiss. The parties were unable to reach any agreements or narrow the issues before the defendants' filed the instant motion.

///

This Motion to Dismiss is based on this notice, the supporting memorandum of points and authorities in support thereof, the entire court file, and any other pleadings, evidence, or legal arguments that may be presented at the time of the hearing to the extent one is held.

Dated: July 31, 2023

BEACH LAW GROUP, LLP

By: /s/ Molly Loy
Thomas E. Beach
Rachel K. Mandelberg
Molly Loy
Attorneys for Defendants,
MAXIM HEALTHCARE SERVICES, INC. dba MAXIM STAFFING SOLUTIONS; MAXIM HEALTHCARE STAFFING SERVICES, INC.; and ERICA WOODS

BEACH LAW GROUP, LLP
500 E. Esplanade Drive, Suite 1400
Oxnard, California 93036
Telephone: (805) 388-3100
Facsimile: (805) 388-3414

BEACH LAW GROUP, LLP
500 E. ESPLANADE DRIVE, SUITE 1400
OXNARD, CALIFORNIA 93036
TELEPHONE: (805) 388-3100
FACSIMILE: (805) 388-3414

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........ 5

I. INTRODUCTION ........ 7

II. ALLEGATIONS APPLICABLE TO THE DEFENDANTS' MOTION TO DISMISS ........ 7

III. THE COURT IS AUTHORIZED TO DISMISS THIS ACTION ........ 9

IV. PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM AGAINST DEFENDANT WOODS UNDER 42 U.S.C. § 1983 ........ 9

V. PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM AGAINST DEFENDANT WOODS UNDER GOVERNMENT CODE SECTION 845.6 ........ 14

VI. PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM AGAINST MOVING DEFENDANTS UNDER CIVIL CODE SECTION 52.1 ........ 15

VII. FOLLOWING THE DISMISSAL OF FEDERAL CLAIMS, THIS ACTION MAY BE DISMISSED ........ 17

VIII. CONCLUSION ........ 18

BEACH LAW GROUP, LLP
500 E. ESPLANADE DRIVE, SUITE 1400
OXNARD, CALIFORNIA 93036
TELEPHONE: (805) 388-3100
FACSIMILE: (805) 388-3414

# TABLE OF AUTHORITIES

## CASES

*Anderson v. County of Kern,*
45 F.3d 1310 (9th Cir. 1995)....................11

*Bowell v. Cal. Substance Abuse Treatment Facility at Concord,*
No. 1:10-cv-02336, 2011 U.S. Dist. LEXIS 60645 (E.D. Cal. June 7, 2011)....................11

*Brittain v. Hansen,*
451 F.3d 982 (9th Cir. 2006)....................10

*Carnegie-Mellon Univ. v. Cohill,*
484 U.S. 343 (1988)....................17

*Cornell v. City & County of San Francisco,*
17 Cal.App.5th 766 (1st Dist. 2017)....................15, 16

*County of Sacramento v. Lewis,*
523 U.S. 833 (1998)....................10

*Daniels v. Williams,*
474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986)....................10

*Dillman v. Tuolumne County,*
1:13-cv-00404-LJO-SKO, 2013 WL 1907379 at *20 (E.D. Cal. May 7, 2013)....................16

*Estelle v. Gamble,*
429 U.S. 97 (1976)....................10, 11

*Farmer v. Brennan,*
511 U.S. 825 (1994)....................10, 11, 12

*Hallett v. Morgan,*
296 F.3d 732 (9th Cir. 2002)....................11

*Hernandez v. City of San Jose,*
2017 WL 977047 (N.D. Cal. 2017)....................16

*Hutchinson v. United States,*
838 F.2d 390 (9th Cir. 1988)....................13

*Irwin v. City of Hemet,*
22 Cal.App.4th 507 (1994)....................9

*Jeffers v. Gomez,*
267 F.3d 895 (9th Cir. 2001)....................11

*Jett v. Penner,*
439 F.3d 1091 (9th Cir. 2006)....................10, 11

*Kellogg v. Kitsap County,*
2013 WL 4507087 (W.D. Wash. 2013)....................12, 13, 14

*Lowe v. County of Butte,*
2021 WL 1890386 (E.D. Cal. 2021) ... 16
*Nelson v. State of California,*
139 Cal.App.3d 72 (1982) ... 15
*Ove v. Gwinn,*
264 F.3d 817 (9th Cir. 2001), the court affirmed ... 17
*Pfoltzer v. County of Fairfax,*
775 F. Supp. 874 (E.D. VA 1991) ... 10
*Shoyoye v. County of Los Angeles,*
203 Cal.App.4th 947 (2012) ... 16
*Shroyer v. New Cingular Wireless Services, Inc.,*
622 F.3d 1035 (9th Cir. 2010) ... 9
*Simmons v. G. Arnett,*
47 F.4th 927 (9th Cir. 2022) ... 11
*Strom v. United States,*
641 F.3d 1051 (9th Cir. 2011) ... 9
*Toguchi v. Chung,*
391 F.3d 1051 (9th Cir. 2004) ... 11, 13
*Venegas v. County of Los Angeles,*
32 Cal.4th 820 (2004) ... 15
*Wood v. Housewright,*
900 F.2d 1332 (9th Cir. 1990) ... 10

**STATUTES**

42 U.S.C. § 1983 ... 7, 9, 12, 17
Civil Code section 52.1 ... 7, 15, 16
Government Code section 845.6 ... 7, 14, 15
Title 28 of the United States Code, Section 1367 ... 17

**RULES**

Federal Rules of Civil Procedure, Rule 12(b)(6) ... 9, 18

BEACH LAW GROUP, LLP
500 E. Esplanade Drive, Suite 1400
Oxnard, California 93036
Telephone: (805) 388-3100
Facsimile: (805) 388-3414

BEACH LAW GROUP, LLP
500 E. ESPLANADE DRIVE, SUITE 1400
OXNARD, CALIFORNIA 93036
TELEPHONE: (805) 388-3100
FACSIMILE: (805) 388-3414

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This action arises out of allegations by the plaintiffs that decedent, Anthony Galley, received inadequate medical care during and after his intake at Sacramento County Jail, resulting in a seizure two days later and culminating in Mr. Galley's death on February 15, 2022.

The moving defendants are MAXIM HEALTHCARE SERVICES, INC. dba MAXIM STAFFING SOLUTIONS; MAXIM HEALTHCARE STAFFING SERVICES, INC.; and ERICA WOODS. As alleged in the complaint, MAXIM HEALTHCARE SERVICES, INC. dba MAXIM STAFFING SOLUTIONS; MAXIM HEALTHCARE STAFFING SERVICES, INC. (hereinafter "Maxim") provided "licensed, qualified physicians and nurses on a contract basis to the Sacramento County jails." (FAC ¶ 10.) The plaintiffs specifically allege that Maxim was the employer of defendant ERICA WOODS (hereinafter "Nurse Woods"), a "Registered Nurse" who "performed the intake medical assessment for MR. GALLEY when he was booked into jail . . . ." (FAC ¶ 11.)

As against Nurse Woods, the plaintiffs plead three causes of action for Violation of 42 U.S.C. § 1983, Government Code section 845.6, and Civil Code section 52.1 As against Maxim, the plaintiffs plead only two causes of action for Negligence and Civil Code section 52.1.

As will be outlined in more detail below, the plaintiffs' federal complaint must be dismissed as the plaintiffs fail to plead adequate facts to support their statutory causes of action arising under 42 U.S.C. § 1983, Government Code section 845.6, and Civil Code section 52.1 as against the moving defendants.

## II. ALLEGATIONS APPLICABLE TO THE DEFENDANTS' MOTION TO DISMISS

The plaintiffs contend that Mr. Galley was arrested on February 13, 2022, following his involvement in a possible hit-and-run arising from an altercation at a

BEACH LAW GROUP, LLP
500 E. Esplanade Drive, Suite 1400
Oxnard, California 93036
Telephone: (805) 388-3100
Facsimile: (805) 388-3414

party earlier that same evening. (FAC ¶ 22.) The plaintiffs contend that after his arrest, Mr. Galley was brought to Sacramento County Jail, where he was medically screened by Nurse Woods. (FAC ¶ 23.)

During this intake screening, the plaintiffs claim that Mr. Galley *informed* Nurse Woods that he had used alcohol within the last 14 days, and hard alcohol within the last 24 hours; he had a history of alcohol use; he had used hard alcohol on more than 20 of the last 30 days; he had used hard alcohol for the last 2 years; he had a habit of drinking 1 gallon of hard alcohol daily; and he had a history of alcohol withdrawal. (FAC ¶ 23.) The plaintiffs also contend that Mr. Galley was alcohol-impaired at the time of this medical screening. The plaintiffs notably do *not* allege that Mr. Galley ever informed Nurse Woods that he was a seizure risk. The plaintiffs, however, claim that Mr. Galley's records would have revealed Mr. Galley's history with alcohol, which Nurse Woods could have, and allegedly should have, looked at. (FAC ¶ 24.)

The plaintiffs allege that Nurse Woods did not put Mr. Galley on any alcohol detoxification protocols at the time of his intake. (FAC ¶ 25.) The plaintiffs further contend that the Sacramento County Jail never completed further monitoring or assessing of Mr. Galley for signs of alcohol withdrawal after his intake and while he waited to be booked into the jail. (FAC ¶ 27.) The plaintiffs contend that while he waited to be booked, Mr. Galley asked to be seen by jail medical staff, but was told that he would be seen once he had been processed and placed in an upstairs jail housing unit. (FAC ¶ 27.)

The plaintiffs contend that two days after his intake, on February 15, 2022, Mr. Galley suffered a seizure while lying on a table in the jail's Own Recognizance ("OR") Tank, where he and other inmates had been brought for classification interviews. (FAC ¶ 27.) The plaintiffs allege in their complaint that despite the attempts of other inmates to summon help for Mr. Galley, approximately 30 minutes

///

BEACH LAW GROUP, LLP
500 E. ESPLANADE DRIVE, SUITE 1400
OXNARD, CALIFORNIA 93036
TELEPHONE: (805) 388-3100
FACSIMILE: (805) 388-3414

may have elapsed between Mr. Galley's seizure and the arrival of responding deputies. (FAC ¶ 27.) As an alleged result, Mr. Galley passed away. (FAC ¶ 28.)

## III. THE COURT IS AUTHORIZED TO DISMISS THIS ACTION

Pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6), a complaint may properly be attacked on the ground that it fails to state a claim for relief. A Rule 12(b)(6) motion is designed to test the *legal sufficiency* of the claims asserted in the complaint. *Strom v. United States,* 641 F.3d 1051, 1067 (9th Cir. 2011). Accordingly, a Rule 12(b)(6) dismissal is proper where the complaint either fails to allege a "cognizable legal theory" or fails to allege sufficient facts "to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Services, Inc.,* 622 F.3d 1035, 1041 (9th Cir. 2010).

## IV. PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM AGAINST DEFENDANT WOODS UNDER 42 U.S.C. § 1983

Against Nurse Woods, the plaintiffs bring a cause of action arising under 42 U.S.C. section 1983. Section 1983 provides in pertinent part:

> Every person who under color of any statute, ordinance, regulation, custom, or usage, of any state . . ., subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the constitution and laws, shall be liable to the party injured in an action at law, suit and equity, or other proper proceeding for redress . . . .

"[S]ection 1983 **does not create any substantive rights**. Instead, it served only to provide a remedial cause of action in the event any substantive federal rights are violated." *Irwin v. City of Hemet,* 22 Cal.App.4th 507, 515 (1994). "The 'two essential elements' to a claim under section 1983 are '(1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.' [Citation omitted]." *Irwin, supra,* 22 Cal.App.4th at p. 516.

That said, "[d]ue process affords protection only against **deliberate acts of**

**government agents**. In *Daniels v. Williams,* 474 U.S. 327, 328, 106 S.Ct. 662, 663, 88 L.Ed.2d 662 (1986), the Supreme Court held that 'the Due Process Clause **is simply not implicated by a *negligent* act** of an official causing unintended loss of or injury to life, liberty, or property." *Pfoltzer v. County of Fairfax,* 775 F. Supp. 874, 891-892 (E.D. VA 1991) (Emphasis added). Even gross negligence is insufficient to establish a constitutional violation. *Wood v. Housewright,* 900 F.2d 1332, 1334 (9th Cir. 1990). While poor medical treatment can, at a certain point, rise to the level of a constitutional violation, **an isolated incident of neglect does not rise to the level of deliberate indifference**. *Jett v. Penner,* 439 F.3d 1091, 1096 (9th Cir. 2006) (Emphasis added).

The plaintiffs in this action fail to plead with any particularity that Nurse Woods acted with "deliberate indifference" in her assessment of the decedent. To establish a constitutional violation based on substantive due process, the plaintiffs must show *both* a deprivation of liberty and conscience-shocking behavior by the government. *Brittain v. Hansen,* 451 F.3d 982, 992 (9th Cir. 2006). Only "the most egregious official conduct can be said to be arbitrary in a constitutional way." *County of Sacramento v. Lewis,* 523 U.S. 833, 846 (1998). This inquiry requires the court to look at whether the defendant engaged in "conduct intended to injure in some way unjustifiable by any government interest." *Id.* at p. 849.

Deliberate indifference can be "manifested by prison doctors in their response to prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle v. Gamble,* 429 U.S. 97, 104-105 (1976). To establish a viable claim for failure to provide medical treatment, a plaintiff must plead sufficient facts to permit the court to infer that (1) the plaintiff had a "serious medical need" and that (2) individual defendants were "deliberately indifferent" to that need. *Jett, supra,* 439 F.3d at p. 1096; *Farmer v. Brennan,* 511 U.S. 825, 834 (1994).

In addition, deliberate indifference contains both an objective *and* subjective

BEACH LAW GROUP, LLP
500 E. Esplanade Drive, Suite 1400
Oxnard, California 93036
Telephone: (805) 388-3100
Facsimile: (805) 388-3414

BEACH LAW GROUP, LLP
500 E. ESPLANADE DRIVE, SUITE 1400
OXNARD, CALIFORNIA 93036
TELEPHONE: (805) 388-3100
FACSIMILE: (805) 388-3414

component: "[T]he official **must** both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and **he must also draw that inference**." *Farmer, supra,* 511 U.S. at p. 837. "If a person should have been aware of the risk, but was not," then the standard of deliberate indifference is not satisfied "no matter how severe the risk." *Jeffers v. Gomez,* 267 F.3d 895, 914 (9th Cir. 2001). "The indifference to medical needs must be substantial; a constitutional violation is not established by negligence or 'an inadvertent failure to provide adequate medical care.'" *Anderson v. County of Kern,* 45 F.3d 1310, 1316 (9th Cir. 1995), quoting *Estelle, supra,* 429 U.S. at pp. 105-106. Generally, defendants are "deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment." *Hallett v. Morgan,* 296 F.3d 732, 744 (9th Cir. 2002). "Isolated incidents of neglect do not constitute deliberate indifference." *Bowell v. Cal. Substance Abuse Treatment Facility at Concord,* No. 1:10-cv-02336, 2011 U.S. Dist. LEXIS 60645, at 9 (E.D. Cal. June 7, 2011), citing *Jett, supra,* 439 F.3d at p. 1096.

"Deliberate indifference is a high legal standard" that goes beyond medical malpractice or negligence. *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, an inadvertent failure to provide adequate medical care, differences of opinion in medical treatment, and harmless delays in treatment are not enough to sustain an Eighth Amendment claim." *Simmons v. G. Arnett*, 47 F.4th 927, 934 (9th Cir. 2022) (citations omitted).

In this case, the plaintiffs do not dispute that the decedent was provided *some* medical care. Specifically, the complaint pleads that Mr. Galley was "medically screened," which included Mr. Galley's own oral provision of his recent medical history. (FAC ¶¶ 23-24.) Instead, the plaintiffs – concerning the moving defendants – take issue with the type of care and/or level of care provided by Nurse Woods to the decedent. The plaintiffs argue that Mr. Galley *should have been* put on immediate detoxification and withdrawal protocols, which, according to the

plaintiffs, should have involved "repeated monitoring, assessments for withdrawal symptoms (every 8 hours, at minimum), vitamins such as thiamine, folic acid, and multivitamins, and medications such as diazepam to prevent serious alcohol withdrawal." (FAC ¶ 25.) Because Nurse Woods – based upon the oral history provided by Mr. Galley as well as his lack of physical withdrawal symptoms – did not place Mr. Galley on detoxification protocols, the plaintiffs contend that she deprived Mr. Galley of his constitutional rights. (FAC ¶ 26.)

However, as is noted above, for a defendant to be liable under section 1983, the defendant *must* actually be aware of facts from which the defendant can deduce that a serious risk of harm exists *and* the defendant **must come to the conclusion that a risk does exist.** *Farmer, supra,* 511 U.S. at p. 837. Here, there are no facts pleaded that Nurse Woods *was actually aware of facts* to put her on notice that Mr. Galley was at serious risk for seizures *and* that she determined he was, in fact, a seizure risk. The fact that she could have learned more about Mr. Galley's medical history by looking through his prison records and/or asking him additional questions does *not* meet the plaintiffs' burden under their section 1983 cause of action, as articulated by the foregoing authorities.

This action is similar to the case of *Kellogg v. Kitsap County,* 2013 WL 4507087 (W.D. Wash. 2013), in which the court determined that the plaintiff had not met his burden in establishing deliberate indifference under section 1983. Similar to this action, the plaintiff in *Kellogg* argued that the defendants deprived the plaintiff of medical care at the time of his intake at Kitsap County Correctional Facility. Specifically, the plaintiff alleged that the defendants failed to appreciate the plaintiff's risk of alcohol withdrawal and, as a result, failed to put him on detoxification procedures. As a result, the plaintiff suffered an injury when he had a seizure while withdrawing from alcohol. Similar to this action, the plaintiff in *Kellogg* reportedly told the defendants that "he was an extreme alcoholic" and had last had a drink on the morning of his arrest. *Kellogg, supra,* 213 WL 450787, 1.

BEACH LAW GROUP, LLP
500 E. ESPLANADE DRIVE, SUITE 1400
OXNARD, CALIFORNIA 93036
TELEPHONE: (805) 388-3100
FACSIMILE: (805) 388-3414

However, the defendants – who were aware of what to look for when checking for alcohol withdrawal – did not notice any symptoms of withdrawal when they assessed the plaintiff. *Id*.

In determining that deliberate indifference had not been established, the court explained that **where "a provider should have been aware of the risk, but was not, then <u>the provider has not violated the Eighth Amendment, no matter how severe the risk</u>**." *Id*. at p. 4, citing *Toguchi, supra,* 391 F.3d at p. 1057. "Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." *Id*, *citing Toguchi, supra,* 391 F.3d at p. 1057; *Hutchinson v. United States,* 838 F.2d 390, 394 (9th Cir. 1988).

The court ultimately held: "**EMT Goodwin treated Plaintiff based on his symptoms. That there was some risk of seizure with withdrawal or that he could hurt himself falling when he had a seizure, <u>does not convert the possibility of ordinary negligence into deliberate indifference</u>**." *Kellogg, supra,* 2013 WL at p. 5 (emphasis added). As the court explained, "[a] difference in opinion between Plaintiff and Defendant about the preferred course of medical treatment does not constitute an Eighth Amendment violation." *Id.* Examining the facts of the case, the *Kellogg* court found:

> [T]he Court finds that a reasonable jury could not find that Defendants were deliberately indifferent to Plaintiff's medical needs. The record reflects that Plaintiff received constitutionally adequate medical treatment in accordance with the professional opinion and judgment of EMT Goodwin and other prison medical personnel. EMT Goodwin examined plaintiff upon intake at 11:20 a.m., took vital signs, found no medical problem except that his blood pressure was elevated, and learned from Plaintiff that he was a social drinker. Thereafter, at approximately 2:30 p.m. Plaintiff called the medical staff and admitted to EMT Goodwin that he was an alcoholic and that he had his last drink that morning prior to his arrest. EMT Goodwin noted that Plaintiff seemed to be suffering some anxiety, but did not observe any other withdrawal symptoms, such as sweating.
>
> . . .





BEACH LAW GROUP, LLP
500 E. ESPLANADE DRIVE, SUITE 1400
OXNARD, CALIFORNIA 93036
TELEPHONE: (805) 388-3100
FACSIMILE: (805) 388-3414

> **The conduct of EMT Goodwin and ConMed does not demonstrate a deliberate indifference to the serious medical needs of Plaintiff, but merely a difference of opinion in the assessment of the prisoner's actual medical condition**.
> *Id*. at pp. 5-6 (emphasis added).

The same is true here. There are no facts pleaded that Mr. Galley was suffering withdrawal symptoms at the time of his medical intake and/or that he was demonstrating any behaviors and conditions that could have caused Nurse Woods to believe he would suffer a seizure two days later. Further, the fact that Nurse Woods *could have* looked into Mr. Galley's records in addition to taking his oral history does not establish deliberate indifference, in this case, pursuant to the court's ruling in *Kellogg*. Here, while it is true that the plaintiffs have alleged knowledge on the part of the defendants as to Mr. Galley's apparent alcohol intake and usage, these allegations alone cannot support a section 1983 cause of action against Nurse Woods as no deliberate indifference has been pleaded.

## V. PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM AGAINST DEFENDANT WOODS UNDER GOVERNMENT CODE SECTION 845.6

The plaintiffs purport to state a claim against Nurse Woods under Government Code section 845.6. However, this section permits *only* "public entity" and "public employee" liability when a public employee "knows or has reason to know that [a] prisoner is in need of immediate medical care and he fails to take reasonable action to summon medical care." *Gov. Code* § 845.6. Specifically, section 845.6 provides, in relevant part:

> **Neither a public entity nor a public employee** is liable for injury proximately caused by the failure of the employee to furnish or obtain medical care for a prisoner in his custody; but . . . a public employee . . . is liable if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care.

BEACH LAW GROUP, LLP
500 E. Esplanade Drive, Suite 1400
Oxnard, California 93036
Telephone: (805) 388-3100
Facsimile: (805) 388-3414

BEACH LAW GROUP, LLP
500 E. ESPLANADE DRIVE, SUITE 1400
OXNARD, CALIFORNIA 93036
TELEPHONE: (805) 388-3100
FACSIMILE: (805) 388-3414

(Emphasis added.)

As was echoed by the court in *Nelson v. State of California,* 139 Cal.App.3d 72, 80-81 (1982), section 845.6 is "very narrowly written to authorize a cause of action **against a public entity for its employees'** failure to summon immediate medical care only, not for certain employee's malpractice in providing that care."

Nurse Woods, however, is *not* a public entity or an employee of a public entity. While the plaintiffs plead that she was "acting under the color of state law,' they also plainly plead that she was **employed by a *private* corporation, defendant Maxim**. Specifically, the complaint pleads that private entity Maxim was merely *contracted* with the County, not that Maxim itself was a "public entity." (FAC ¶ 10.) Regarding defendant Woods, the complaint pleads: "Defendant ERICA WOODS, R.N., at all times mentioned herein, **was employed by Defendant MAXIM as a Registered Nurse, and was acting within the course and scope of that employment while working at the COUNTY Main Jail** . . . ." (FAC ¶ 11) (Emphasis added).

Because a claim under Government Code section 845.6 cannot be maintained against a private individual, entity, and/or employee, this claim should be dismissed against Nurse Woods.

## VI. PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM AGAINST MOVING DEFENDANTS UNDER CIVIL CODE SECTION 52.1

Civil Code section 52.1 permits a claim against a defendant who "interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of [legal] rights . . . ." It thus provides remedies for certain misconduct *only* if the putative conduct was "**accompanied by threats, intimidation, or coercion**." *Venegas v. County of Los Angeles,* 32 Cal.4th 820, 843 (2004) (Emphasis added). Furthermore, a plaintiff attempting to state a claim under section 52.1 must show that the defendant had an *intent* to violate the right at issue. *Cornell v. City &*

*County of San Francisco,* 17 Cal.App.5th 766, 801, 802 (1st Dist. 2017). A mere failure to intervene does not constitute a threat, intimidation, or coercion under section 52.1. *Hernandez v. City of San Jose,* 2017 WL 977047 (N.D. Cal. 2017). Further, in *Lowe v. County of Butte,* 2021 WL 1890386, 8-9 (E.D. Cal. 2021), this District determined that a plaintiff's claim involving a failure to respond to an inmate's medical needs *requires* the separate and distinct pleading of "threats, coercion, or intimidation."

"[T]he relevant distinction for purposes of the Bane Act is between intentional and unintentional conduct." *Dillman v. Tuolumne County,* 1:13-cv-00404-LJO-SKO, 2013 WL 1907379 at *20 (E.D. Cal. May 7, 2013). A Bane Act claim requires alleged conduct that is "more egregious" than "mere negligence." *Shoyoye v. County of Los Angeles,* 203 Cal.App.4th 947, 958 (2012).

In this action, the plaintiffs' complaint wholly fails to establish *how* either Maxim or Nurse Woods threatened, intimidated, or coerced the decedent. There are simply no actions on the part of the moving defendants that can successfully invoke the provisions of section 52.1. Instead, the plaintiffs factually plead that Nurse Woods failed to adequately review Mr. Galley's prison records at or before the time of his intake, which would have given her additional information about his alcohol dependence. (FAC ¶ 24.) The plaintiffs contend that with this additional information, Nurse Woods should have placed Mr. Galley "on immediate detoxification and alcohol withdrawal protocols." (FAC ¶ 25.) That said, at Mr. Galley's time of intake, the plaintiffs merely plead that Nurse Woods was apprised of Mr. Galley's alcohol usage and saw that he was intoxicated. (FAC ¶ 23.) As noted above, there are no facts pleaded that Nurse Woods knew – or should have known – based on Mr. Galley's presentation at the time of intake, that Mr. Galley was at risk for seizures. Accordingly, there are no allegations that the defendants *intended* to violate Mr. Galley's rights in this case. *Cornell, supra,* 17 Cal.App.5th at pp. 801-802.

BEACH LAW GROUP, LLP
500 E. Esplanade Drive, Suite 1400
Oxnard, California 93036
Telephone: (805) 388-3100
Facsimile: (805) 388-3414

BEACH LAW GROUP, LLP
500 E. Esplanade Drive, Suite 1400
Oxnard, California 93036
Telephone: (805) 388-3100
Facsimile: (805) 388-3414

Thus, the plaintiffs' complaint wholly fails to plead that either Maxim and/or Nurse Woods *intentionally* and knowingly deprived Mr. Galley of withdrawal protocols. Instead, the complaint merely establishes that Nurse Woods *may have been able* to look at additional documentation, which *may have* changed her intake of Mr. Galley. There are simply no facts pleaded that Nurse Woods intentionally threatened, intimidated, or coerced the decedent to deprive him of medical care.

## VII. FOLLOWING THE DISMISSAL OF FEDERAL CLAIMS, THIS ACTION MAY BE DISMISSED

In this matter, the plaintiffs' state law claims are brought before this Court pursuant to Section 1367, Title 28 of the United States Code, and the doctrine of supplemental jurisdiction. When federal claims are dismissed from a complaint under Rule 12(b)(6), the federal court may properly dismiss the action *or* remand the remaining state law claims to state court. *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 351 (1988). In *Ove v. Gwinn,* 264 F.3d 817, 826 (9th Cir. 2001), the court affirmed: "A court may decline to exercise supplemental jurisdiction over related state-law claims once it has 'dismissed all claims over which it has original jurisdiction.' [Citations omitted.]"

Further, Section 1367, Title 28 of the United States Code provides in relevant part:

> (c) The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if –
>
> . . .
>
> (3) the district court has dismissed all claims over which it has original jurisdiction.

Thus, in light of the foregoing, if this Court dismisses the plaintiffs' claim brought under 42 U.S.C. § 1983, this Court may properly dismiss the plaintiffs' action in its entirety.

///

BEACH LAW GROUP, LLP
500 E. Esplanade Drive, Suite 1400
Oxnard, California 93036
Telephone: (805) 388-3100
Facsimile: (805) 388-3414

## VIII. CONCLUSION

For the reasons set forth above, defendants, MAXIM HEALTHCARE SERVICES, INC. dba MAXIM STAFFING SOLUTIONS; MAXIM HEALTHCARE STAFFING SERVICES, INC.; and ERICA WOODS, respectfully request that this court grant the instant motion and dismiss the plaintiffs' action in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Dated: July 31, 2023 BEACH LAW GROUP, LLP

By: /s/ Molly Loy
Thomas E. Beach
Rachel K. Mandelberg
Molly Loy
Attorneys for Defendants,
MAXIM HEALTHCARE SERVICES, INC. dba MAXIM STAFFING SOLUTIONS; MAXIM HEALTHCARE STAFFING SERVICES, INC.; and ERICA WOODS

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF VENTURA

I am employed in the County of Ventura, State of California. I am over the age of 18 and not a party to the within action. My business address is 500 E. Esplanade Drive, Suite 1400, Oxnard, California 93036.

On the date set forth below, I served the foregoing document described as: **NOTICE OF MOTION AND MOTION OF DEFENDANTS, MAXIM HEALTHCARE SERVICES, INC. dba MAXIM STAFFING SOLUTIONS; MAXIM HEALTHCARE STAFFING SERVICES, INC.; and ERICA WOODS TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action as follows:

SEE ATTACHED SERVICE LIST

☐ **(BY FIRST CLASS MAIL)** I placed the above-named document in an envelope and caused such envelope with postage thereon fully prepaid to be placed for mailing with the United States Postal Service at Oxnard, California. I am "readily familiar" with the firm's practice for collection and processing of correspondence for mailing. It is deposited with the United States Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing contained in affidavit.

☐ **(BY OVERNIGHT CARRIER)** I placed the above-named document in an envelope or package designated by **[Federal Express/General Logistics Systems (GLS)/Express Mail]** ("express service carrier") addressed to the parties listed on the service list herein, and caused such envelope with delivery fees paid or provided for to be deposited in a box maintained by the express service carrier. I am "readily familiar" with the firm's practice of collection and processing of correspondence and other documents for delivery by the express service carrier. It is deposited in a box maintained by the express service carrier on that same day in the ordinary course of business.

☒ **(BY ELECTRONIC SERVICE)** I served the above-named document electronically on the parties listed on the service list herein via a Notice of Electronic Filing automatically generated by the CM/ECF System.

☒ **(Federal)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 31, 2023, at Oxnard, California.

/s/ Esperanza Morales
Esperanza Morales

BEACH LAW GROUP, LLP
500 E. Esplanade Drive, Suite 1400
Oxnard, California 93036
Telephone: (805) 388-3100
Facsimile: (805) 388-3414

**SERVICE LIST**
***Galley v. County of Sacramento, et al.***
*United States District Court Case No. 2:23-cv-00325-WBS-AC*

**ATTORNEYS FOR PLAINTIFFS**

Michael J. Haddad, Esq.
Julia Sherwin, Esq.
Teresa Allen, Esq.
Haddad & Sherwin LLP
505 Seventeenth Street
Oakland, CA 94612

Phone: (510) 452-5500
Fax: (510) 452-5510
michael.julia@haddadsherwin.com
teresa@haddadsherwin.com

**ATTORNEYS FOR DEFENDANTS, COUNTY OF SACRAMENTO; FORMER SACRAMENTO COUNTY SHERIFF SCOTT R. JONES; ANTHONY PAONESSA; and VEER BABU, M.D.**

John R. Whitefleet, Esq.
Matthew W. Gross, Esq.
Porter Scott, APC
2180 Harvard Street, Suite 500
Sacramento, CA 95815

Phone: (916) 929-1481
Fax: (916) 927-3706
jwhitefleet@porterscott.com
mgross@porterscott.com