**BEACH LAW GROUP, LLP**
500 E. ESPLANADE DRIVE, SUITE 1400
OXNARD, CALIFORNIA 93036
TELEPHONE: (805) 388-3100
FACSIMILE: (805) 388-3414

1

2

3  Thomas E. Beach - State Bar No. 096321
   Rachel K. Mandelberg - State Bar No. 246018
4  mail@beachlawgroup.com
   Attorneys for Defendants,
5  MAXIM HEALTHCARE SERVICES, INC. dba MAXIM STAFFING
   SOLUTIONS; MAXIM HEALTHCARE STAFFING SERVICES, INC.; and
6  ERICA WOODS

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  ANTHONY GALLEY, Deceased, by        Case No. 2:23-cv-00325-WBS-AC
    and through his Co-Successors in
12  Interest, P.P. and B.P., minors, through   Complaint Filed: 02/23/2023
    their mother and Next Friend, Christina
13  O'Neil, Individually and as Co-          Assigned to Hon. William B. Shubb
    Successors in Interest for ANTHONY
14  GALLEY, Deceased,                    **REPLY OF DEFENDANTS TO
                                         PLAINTIFFS' OPPOSITION TO
15              Plaintiffs,               MOTION OF DEFENDANTS,
                                         MAXIM HEALTHCARE
16  v.                                   SERVICES, INC. dba MAXIM
                                         STAFFING SOLUTIONS; MAXIM
17  COUNTY OF SACRAMENTO, a              HEALTHCARE STAFFING
    public entity; FORMER                SERVICES, INC.; and ERICA
18  SACRAMENTO COUNTY SHERIFF            WOODS TO DISMISS
    SCOTT R. JONES, in his individual    PLAINTIFFS' FIRST AMENDED
19  capacity; Jail Commander ANTHONY     COMPLAINT PURSUANT TO
    PAONESSA, Jail Medical Director      FRCP 12(B)(6); MEMORANDUM
20  VEER BABU, M.D., MAXIM               OF POINTS AND AUTHORITIES
    HEALTHCARE SERVICES, INC. dba
21  MAXIM STAFFING SOLUTIONS, a
    Maryland Corporation; MAXIM
22  HEALTHCARE STAFFING
    SERVICES, INC., a Maryland
23  Corporation; ERICA WOODS, R.N.,
    and DOES 1–20; individually, jointly,
24  and severally,

25              Defendants.

26

27

28  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

                                    1

Defendants, MAXIM HEALTHCARE SERVICES, INC. dba MAXIM STAFFING SOLUTIONS; MAXIM HEALTHCARE STAFFING SERVICES, INC. (hereinafter collectively referred to as "Maxim"); and ERICA WOODS (hereinafter referred to as "Nurse Woods"), hereby submit the following memorandum of points and authorities in reply to plaintiffs' opposition to defendants' motion to dismiss the complaint on file in this action.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

The plaintiffs' action against the moving defendants is based on allegations that defendants Maxim and Erica Woods *should have* not only considered the information provided to her by the decedent regarding his alcohol usage but also *should have* looked into his prior jail and/or medical records to learn the alleged full scope of his alcohol use and dependency.  With this information that the defendants *should have* gained, Nurse Woods *should have* appreciated the decedent's risk of seizures from alcohol withdrawal.  This then *should have* triggered the provision of additional medical services to the decedent, which allegedly would have prevented his death.

As is apparent from the foregoing, the plaintiffs' entire case against the moving defendants is based on what the defendants *should have done*.  Such pleading does *not* support the claims brought against the defendants as there are no factual allegations to support the plaintiffs' deliberate indifference pleading burden. Instead, the plaintiffs' complaint merely alleges negligence against the moving defendants, which is insufficient as a matter of law to support the plaintiffs' pleaded claims.

## II.    THE PLAINTIFFS' CLAIMS ARISING UNDER 42 U.S.C. § 1983 MUST BE DISMISSED

The plaintiffs' opposition relies almost exclusively on the case of *Gordon v. County of Orange,* 6 F.4th 961 (9th Cir. 2021).  However, *Gordon* does not establish

BEACH LAW GROUP, LLP
500 E. ESPLANADE DRIVE, SUITE 1400
OXNARD, CALIFORNIA 93036
TELEPHONE: (805) 388-3100
FACSIMILE: (805) 388-3414

2

1    liability based on the plaintiffs' pleading against Maxim and/or Nurse Woods.

2         In *Gordon,* the court explained: "In cases involving '**choices between**
3    **alternative courses of treatment,**' plaintiff 'must show that the course of treatment
4    the doctors chose was medically unacceptable under the circumstances' and that
5    'they chose this course in conscious disregard of an excessive risk to plaintiff's
6    health.' [Citation omitted.]" *Gordon, supra,* 6 F.4th at p. 970 (emphasis added).
7    Based upon this holding, *Gordon* is inapplicable to the instant action for two
8    reasons: (1) This action does not involve "choices between alternative courses of
9    treatment"; and (2) There are insufficient allegations in this matter that Nurse
10   Woods acted in "conscious disregard of an excessive risk to plaintiff's health." *Id*.

11        Regarding the first issue, there are no allegations in this action that Nurse
12   Woods was ever faced with two competing courses of treatment as the defendants
13   were in *Gordon.*  In *Gordon,* "two detoxification protocols existed for purposes of
14   assessing inmates suffering from substance withdrawal," CIWA and COWS.
15   *Gordon, supra,* 6 F.4th at p. 965.  In *Gordon,* the defendants used CIWA rather than
16   COWS, despite the plaintiff "reporting his heroin use." *Id*.  The plaintiffs argued
17   that COWS should have been used, particularly because the defendants knew of the
18   plaintiff's heroin use.  In this action, there are no allegations that Nurse Woods
19   faced two choices of treatment and made an incorrect choice.  Rather, this action
20   involves allegations that Nurse Woods *should have* instituted detoxification and
21   alcohol withdrawal protocols.  As the plaintiffs' opposition states: "The FAC
22   properly alleges that Nurse Woods's failure to initiate alcohol withdrawal protocols
23   precipitated the progression of Mr. Galley's alcohol withdrawal symptoms, his
24   seizure, and ultimate death." (Opp., 14:5-7.)  There are simply no allegations that
25   she had a choice of *two treatment options* and chose the incorrect option with
26   conscious disregard.

27        As to the second issue, there are insufficient allegations to establish that
28   Nurse Woods had any knowledge of the alleged "excessive risk to [decedent's]

BEACH LAW GROUP, LLP
500 E. ESPLANADE DRIVE, SUITE 1400
OXNARD, CALIFORNIA 93036
TELEPHONE: (805) 388-3100
FACSIMILE: (805) 388-3414

3

health," if not placed on detoxification protocols.  Conversely, in *Gordon,* the intake personnel were aware of the plaintiff's "3-grams-a-day heroin habit."  *Gordon, supra,* 6 F.4th at p. 965.  Despite this knowledge, the defendants placed the plaintiff on the CIWA *alcohol* protocol, rather than the COWS opiate protocol.  Here, there are *no factual allegations* pleaded that Nurse Woods was ever made aware that the decedent posed a seizure risk.  The argument that she *could have known* does not meet this burden under any case law, including *Gordon.*

The plaintiffs appear to argue in their opposition that all of the law relied upon by the defendants in their underlying motion has been replaced by the law outlined in *Gordon.*  This is not accurate.  Principally, *Gordon* only applies to actions involving two competing treatment options and the determination of a section 1983 violation based upon a defendant's selection between the two.  As stated above, this case does not involve two competing treatment options.  Rather, the complaint alleges that Nurse Woods "was required to put [decedent] on immediate detoxification and alcohol withdrawal protocols," which she allegedly did not do.  (FAC ¶ 25.)

Further, all of the law cited in the underlying motion is *good and applicable law.*  As the defendants' underlying motion establishes, deliberate indifference – a burden that must be pleaded for the plaintiffs' section 1983 claim to survive dismissal – contains both an objective *and* subjective component: "[T]he official **must** both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and **he must also draw that inference**." *Farmer, supra,* 511 U.S. at p. 837.  "If a person should have been aware of the risk, but was not," then the standard of deliberate indifference is not satisfied "no matter how severe the risk." *Jeffers v. Gomez,* 267 F.3d 895, 914 (9th Cir. 2001).  "The indifference to medical needs must be substantial; a constitutional violation is not established by negligence or 'an inadvertent failure to provide adequate medical care.'" *Anderson v. County of Kern,* 45 F.3d 1310, 1316 (9th Cir. 1995), quoting

BEACH LAW GROUP, LLP
500 E. ESPLANADE DRIVE, SUITE 1400
OXNARD, CALIFORNIA 93036
TELEPHONE: (805) 388-3100
FACSIMILE: (805) 388-3414

4

*Estelle, supra,* 429 U.S. at pp. 105-106.  Generally, defendants are "deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment."  *Hallett v. Morgan,* 296 F.3d 732, 744 (9th Cir. 2002).  "Isolated incidents of neglect do not constitute deliberate indifference."  *Bowell v. Cal. Substance Abuse Treatment Facility at Concord,* No. 1:10-cv-02336, 2011 U.S. Dist. LEXIS 60645, at 9 (E.D. Cal. June 7, 2011), citing *Jett, supra,* 439 F.3d at p. 1096.  "Deliberate indifference is a high legal standard" that goes beyond medical malpractice or negligence. *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, an inadvertent failure to provide adequate medical care, differences of opinion in medical treatment, and harmless delays in treatment are not enough to sustain an Eighth Amendment claim." *Simmons v. G. Arnett*, 47 F.4th 927, 934 (9th Cir. 2022) (citations omitted).

As the underlying motion establishes, the plaintiffs do not dispute that the decedent was provided *some* medical care.  Specifically, the complaint pleads that Mr. Galley was "medically screened," which included Mr. Galley's own oral provision of his recent medical history.  (FAC ¶¶ 23-24.)  Instead, the plaintiffs – concerning the moving defendants – take issue with the type of care and/or level of care provided by Nurse Woods to the decedent.  The plaintiffs argue that Mr. Galley *should have been* put on immediate detoxification and withdrawal protocols, which, according to the plaintiffs, should have involved "repeated monitoring, assessments for withdrawal symptoms (every 8 hours, at minimum), vitamins such as thiamine, folic acid, and multivitamins, and medications such as diazepam to prevent serious alcohol withdrawal."  (FAC ¶ 25.)  Because Nurse Woods – based upon the oral history provided by Mr. Galley as well as his lack of physical withdrawal symptoms – did not place Mr. Galley on detoxification protocols, the plaintiffs contend that she deprived Mr. Galley of his constitutional rights.  (FAC ¶ 26.)   This pleading is not sufficient to support the relief sought.

///

BEACH LAW GROUP, LLP
500 E. ESPLANADE DRIVE, SUITE 1400
OXNARD, CALIFORNIA 93036
TELEPHONE: (805) 388-3100
FACSIMILE: (805) 388-3414

The plaintiffs' opposition attempts to distinguish the factually similar and directly applicable case of *Kellogg v. Kitsap County,* 2013 WL 4507087 (W.D. Wash. 2013), as cited in the underlying motion.  The plaintiffs argue that post-*Gordon,* the ruling outlined in *Kellogg* no longer applies.  This is not true.  As is made clear above, *Gordon* does not apply to cases such as this where only *one* treatment option is at issue.  Further, *Kellogg* is directly applicable to this action.  In a fact pattern nearly *identical* to the one presented in this action, the plaintiff in *Kellogg* argued that the defendants deprived the plaintiff of medical care at the time of his intake at Kitsap County Correctional Facility.  Specifically, the plaintiff alleged that the defendants failed to appreciate the plaintiff's risk of alcohol withdrawal and, as a result, failed to put him on detoxification procedures.  As a result, the plaintiff suffered an injury when he had a seizure while withdrawing from alcohol.

In determining that deliberate indifference had not been established, the court explained that **where "a provider should have been aware of the risk, but was not, then <u>the provider has not violated the Eighth Amendment, no matter how severe the risk</u>**."  *Id*. at p. 4, citing *Toguchi, supra,* 391 F.3d at p. 1057.  "Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."  *Id*, citing *Toguchi, supra,* 391 F.3d at p. 1057; *Hutchinson v. United States,* 838 F.2d 390, 394 (9th Cir. 1988).

This holding from *Kellogg,* as cited from *Toguchi* is valid and applicable law, which must be applied to this case.  In this action, there are no factual allegations pleaded that Nurse Woods was aware of the risks of *not* placing the decedent on detoxification protocols.  There are also no factual allegations pleaded that she was aware that he was at risk of seizures.  As *Kellogg* and *Toguchi* make clear, where a provider should have or merely could have been aware of a risk, no section 1983 claim exists.

///

REPLY OF DEFENDANTS TO PLAINTIFFS' OPPOSITION TO MOTION OF DEFENDANTS TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

BEACH LAW GROUP, LLP
500 E. ESPLANADE DRIVE, SUITE 1400
OXNARD, CALIFORNIA 93036
TELEPHONE: (805) 388-3100
FACSIMILE: (805) 388-3414

1    In *Gordon,* the defendants *did* have awareness of the plaintiff's heroin use and

2  with that knowledge, chose an improper treatment plan.  The facts of *Gordon* are so

3  dissimilar to the facts of this action that they cannot be reasonably applied to this

4  matter.  Thus, for the reasons set forth above, as well as in the underlying motion,

5  the plaintiffs' section 1983 claims against the moving defendants must be dismissed.

6  **III.    THE PLAINTIFFS' CLAIMS ARISING UNDER CIVIL CODE §**

7  **52.1, THE BANE ACT, MUST BE DISMISSED**

8    The plaintiffs principally argue that because this Court denied the County's

9  motion to dismiss this claim, so too should this Court deny the underlying motion.

10  The County, Nurse Woods, and Maxim, however, are alleged to have deprived the

11  decedent of his rights in *different ways*.  While Nurse Woods, and thereby Maxim,

12  was involved with the decedent's intake, the County was responsible for the entirety

13  of his incarceration.  Accordingly, a ruling applicable to one does not necessarily

14  impact a ruling as to the other.

15    In arguing that the moving defendants violated the Bane Act, the plaintiffs

16  cite provisions of their complaint in which they include direct language from case

17  law interpreting the Bane Act as well as the Bane Act itself.  The use of statutory

18  language in a pleading, however, does not *alone* indicate that the pleading

19  adequately states a claim for relief.  Instead, the court is required to look at the

20  *factually specific* allegations to determine whether they state a claim for relief under

21  the given statute.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss

22  does not need detailed factual allegations, [citations omitted], a plaintiff's obligation

23  to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

24  conclusions, and a formulaic recitation of the elements of a cause of action will not

25  do, [citations omitted].  Factual allegations must be enough to raise a right to relief

26  above the speculative level . . . ."  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544,

27  555-556 (2007).

28  ///

BEACH LAW GROUP, LLP
500 E. ESPLANADE DRIVE, SUITE 1400
OXNARD, CALIFORNIA 93036
TELEPHONE: (805) 388-3100
FACSIMILE: (805) 388-3414

REPLY OF DEFENDANTS TO PLAINTIFFS' OPPOSITION TO MOTION OF DEFENDANTS TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT

1   In this action, the plaintiffs' *factual allegations* do not support recovery from

2   Nurse Woods or Maxim under the Bane Act.  As even the plaintiffs' opposition

3   points out, more than mere negligence is required to support recovery under this

4   claim.  "[T]he relevant distinction for purposes of the Bane Act is between

5   intentional and unintentional conduct."  *Dillman v. Tuolumne County,* 1:13-cv-

6   00404-LJO-SKO, 2013 WL 1907379 at *20 (E.D. Cal. May 7, 2013).  A Bane Act

7   claim requires alleged conduct that is "more egregious" than "mere negligence."

8   *Shoyoye v. County of Los Angeles,* 203 Cal.App.4th 947, 958 (2012).

9   In this matter, the plaintiffs factually plead that Nurse Woods failed to

10   adequately review Mr. Galley's prison records at or before the time of his intake,

11   which would have given her additional information about his alcohol dependence.

12   (FAC ¶ 24.)  The plaintiffs contend that with this additional information, Nurse

13   Woods should have placed Mr. Galley "on immediate detoxification and alcohol

14   withdrawal protocols."  (FAC ¶ 25.)  That said, at Mr. Galley's time of intake, the

15   plaintiffs merely plead that Nurse Woods was apprised of Mr. Galley's alcohol

16   usage and saw that he was intoxicated.  (FAC ¶ 23.)  As noted above, there are no

17   facts pleaded that Nurse Woods knew – or should have known – based on Mr.

18   Galley's presentation at the time of intake, that Mr. Galley was at risk for seizures.

19   Accordingly, there are no allegations that the defendants *intended* to violate Mr.

20   Galley's rights in this case.  *Cornell, supra,* 17 Cal.App.5th at pp. 801-802.

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

BEACH LAW GROUP, LLP
500 E. ESPLANADE DRIVE, SUITE 1400
OXNARD, CALIFORNIA 93036
TELEPHONE: (805) 388-3100
FACSIMILE: (805) 388-3414

## IV.   **CONCLUSION**

For the reasons set forth above as well as in the underlying motion, the defendants, MAXIM HEALTHCARE SERVICES, INC. dba MAXIM STAFFING SOLUTIONS; MAXIM HEALTHCARE STAFFING SERVICES, INC.; and ERICA WOODS, respectfully request that this Court grant the underlying motion and dismiss the plaintiffs' action accordingly.


Dated: September 1, 2023          BEACH LAW GROUP, LLP


By: _____
Thomas E. Beach
Rachel K. Mandelberg
Attorneys for Defendants,
MAXIM HEALTHCARE SERVICES, INC.
dba MAXIM STAFFING SOLUTIONS;
MAXIM HEALTHCARE STAFFING
SERVICES, INC.; and ERICA WOODS

BEACH LAW GROUP, LLP
500 E. ESPLANADE DRIVE, SUITE 1400
OXNARD, CALIFORNIA 93036
TELEPHONE: (805) 388-3100
FACSIMILE: (805) 388-3414

REPLY OF DEFENDANTS TO PLAINTIFFS' OPPOSITION TO MOTION OF DEFENDANTS TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT

BEACH LAW GROUP, LLP
500 E. ESPLANADE DRIVE, SUITE 1400
OXNARD, CALIFORNIA 93036
TELEPHONE: (805) 388-3100
FACSIMILE: (805) 388-3414

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF VENTURA

     I am employed in the County of Ventura, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 500 E. Esplanade Drive, Suite 1400, Oxnard, California  93036.

     On the date set forth below, I served the foregoing document described as: **REPLY OF DEFENDANTS TO PLAINTIFFS' OPPOSITION TO MOTION OF DEFENDANTS, MAXIM HEALTHCARE SERVICES, INC. dba MAXIM STAFFING SOLUTIONS; MAXIM HEALTHCARE STAFFING SERVICES, INC.; and ERICA WOODS TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

☐     **(BY FIRST CLASS MAIL)**  I placed the above-named document in an envelope and caused such envelope with postage thereon fully prepaid to be placed for mailing with the United States Postal Service at Oxnard, California.  I am "readily familiar" with the firm's practice for collection and processing of correspondence for mailing.  It is deposited with the United States Postal Service on that same day in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing contained in affidavit.

☐     **(BY OVERNIGHT CARRIER)**  I placed the above-named document in an envelope or package designated by **[Federal Express/General Logistics Systems (GLS)/Express Mail]** ("express service carrier") addressed to the parties listed on the service list herein, and caused such envelope with delivery fees paid or provided for to be deposited in a box maintained by the express service carrier.  I am "readily familiar" with the firm's practice of collection and processing of correspondence and other documents for delivery by the express service carrier.  It is deposited in a box maintained by the express service carrier on that same day in the ordinary course of business.

☒     **(BY ELECTRONIC SERVICE)**  I served the above-named document electronically on the parties listed on the service list herein via a Notice of Electronic Filing automatically generated by the CM/ECF System.

☒     **(Federal)**  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  I declare under penalty of perjury that the foregoing is true and correct.

     Executed on September 1, 2023, at Oxnard, California.


_____
Michael Friddle

**SERVICE LIST**
***Galley v. County of Sacramento, et al.***
*United States District Court Case No. 2:23-cv-00325-WBS-AC*

**ATTORNEYS FOR PLAINTIFFS**

Michael J. Haddad, Esq.
Julia Sherwin, Esq.
Teresa Allen, Esq.
Haddad & Sherwin LLP
505 Seventeenth Street
Oakland, CA  94612

Phone:    (510) 452-5500
Fax:        (510) 452-5510
michael.julia@haddadsherwin.com
teresa@haddadsherwin.com

**ATTORNEYS FOR DEFENDANTS, COUNTY OF SACRAMENTO; FORMER SACRAMENTO COUNTY SHERIFF SCOTT R. JONES; ANTHONY PAONESSA; and VEER BABU, M.D.**

John R. Whitefleet, Esq.
Matthew W. Gross, Esq.
Porter Scott, APC
2180 Harvard Street, Suite 500
Sacramento, CA  95815

Phone:    (916) 929-1481
Fax:        (916) 927-3706
jwhitefleet@porterscott.com
mgross@porterscott.com

BEACH LAW GROUP, LLP
500 E. ESPLANADE DRIVE, SUITE 1400
OXNARD, CALIFORNIA 93036
TELEPHONE: (805) 388-3100
FACSIMILE: (805) 388-3414