UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| ANTHONY GALLEY, Deceased, by and through his Co-Successors in Interest, P.P. and B.P., minors, through their mother and Next Friend, Christina O'Neil, Individually and as Co-Successors in Interest for ANTHONY GALLEY, Deceased,<br><br>          Plaintiffs,<br><br>    v.<br><br>COUNTY OF SACRAMENTO, a public entity; FORMER SACRAMENTO COUNTY SHERIFF SCOTT R. JONES, in his individual capacity; Jail Commander ANTHONY PAONESSA; Jail Medical Director VEER BABU, M.D.; MAXIM HEALTHCARE SERVICES, INC. dba MAXIM STAFFING SOLUTIONS, a Maryland Corporation; MAXIM HEALTHCARE STAFFING SERVICES, Inc., a Maryland Corporation; ERICA WOODS, R.N.; and DOES 1-20; individually, jointly, and severally,<br><br>          Defendants. | No. 2:23-cv-00325 WBS AC<br><br>MEMORANDUM AND ORDER RE: MEDICAL DEFENDANTS' MOTION TO DISMISS |

1

1                          ----oo0oo----

2              P.P. and B.P., the minor children of decedent Anthony

3    Galley, bring this action against the County of Sacramento,

4    Former Sacramento County Sheriff Scott Jones, Jail Commander

5    Anthony Paonessa, and Jail Medical Director Doctor Veer Babu

6    (collectively the "County Defendants"), as well as Maxim

7    Healthcare Services, Inc., Maxim Healthcare Staffing Services,

8    Inc., and Nurse Erica Woods (collectively the "Medical

9    Defendants"), for violations of both federal and state law in

10   connection with Mr. Galley's death while detained in the

11   Sacramento County Jail. (See generally First Am. Compl. (Docket

12   No. 20).)

13              The court previously denied the County Defendants'

14   motion to dismiss claims raised against them.  (July 13, 2023

15   Order Re: Mot. to Dismiss (Docket No. 30).)  The court now

16   considers the Medical Defendants' motion to dismiss.[1]  (Docket

17   No. 39.)

18              The Medical Defendants advance two arguments: (1)

19   plaintiffs fail to state a claim against Woods under 42 U.S.C. §

20   1983 (Claim 1); and (2) plaintiffs fail to state a claim against

21   Maxim or Woods under the Tom Bane Act (Claim 3).[2]  The court

22

23        [1]    The factual history is set forth in that previous
     order, and the court does not repeat it here.
24

25        [2]    The Medical Defendants also moved to dismiss
     plaintiffs' claim against Woods under Cal. Civ. Code § 845.6
26   (Claim 6) on the ground that Woods is not a public employee.
     (Mot.)  In their opposition, plaintiffs agreed that the claim
27   should be dismissed. (Opp'n (Docket No. 42) at 8.)  Accordingly,
     the court will grant the motion to dismiss plaintiffs' Section
28   845 claim.

1  rejects both arguments.

2  I.   Section 1983 (Claim 1)

3          Because Mr. Galley was a pre-trial detainee, the

4  circumstances of his confinement are properly addressed under the

5  due process clause of the Fourteenth Amendment, not under the

6  Eighth Amendment.  Gordon v. County of Orange, 888 F.3d 1118,

7  1124 (9th Cir. 2018) (citing Castro v. County of Los Angeles, 833

8  F.3d 1060, 1069-70 (9th Cir. 2016)).  Section 1983 claims

9  alleging violations of the right to adequate medical care under

10  the Fourteenth Amendment are evaluated under an objective

11  deliberate indifference standard.  Gordon, 888 F.3d at 1124-25.

12  "This differs from the inquiry under the Eighth Amendment which

13  requires that the prison official must subjectively have a

14  sufficiently culpable state of mind . . . . [A] pretrial detainee

15  need not prove those subjective elements about the officer's

16  actual awareness of the level of risk."  Id. at 1124 n.4

17  (citations omitted).

18          The objective deliberate indifference standard requires

19  allegations that (i) the defendant made an intentional decision

20  with respect to the conditions under which the plaintiff was

21  confined; (ii) those conditions put the plaintiff at substantial

22  risk of suffering serious harm; (iii) the defendant did not take

23  reasonable available measures to abate that risk, even though a

24  reasonable official in the circumstances would have appreciated

25  the high degree of risk involved -- making the consequences of

26  the defendant's conduct obvious; and (iv) by not taking such

27  measures, the defendant caused the plaintiff's injuries.  Id. at

28  1125.  At issue here is the third prong.  "The mere lack of due

1   care by a state official does not deprive an individual of life,

2   liberty, or property under the Fourteenth Amendment.  Thus, the

3   plaintiff must prove more than negligence but less than

4   subjective intent -- something akin to reckless disregard." Id.

5   at 1125 (citations omitted).

6         The Medical Defendants contend that Gordon's test

7   applies only narrowly in cases where, unlike here, an affirmative

8   choice of treatment against other alternatives is at issue.

9   (Reply (Docket No. 43) at 3.)  They misinterpret Gordon's scope.

10  The Supreme Court in Kingsley v. Hendrickson, 576 U.S. 389 (2015)

11  held that determining whether the use of force against a pretrial

12  detainee was excessive pursuant to a Section 1983 claim requires

13  an objective inquiry because due process concerns implicate

14  objective consequences of official action, not the subjective

15  intent behind it.  Id. at 397-98.  The Ninth Circuit in Castro

16  spread this holding to failure-to-protect claims, in part because

17  the "broad wording of Kingsley . . . did not limit its holding to

18  'force' but spoke to 'the challenged governmental action'

19  generally."  Id. at 1070 (quoting Kingsley, 576 U.S. at 398).  In

20  Gordon, the Ninth Circuit extended this logic further to cover

21  inadequate medical care claims generally.  Gordon, 888 F.3d at

22  1125.  This claim falls firmly within Gordon's ambit.

23        Taking all of plaintiffs' allegations as true and

24  drawing every reasonable factual inference in plaintiffs' favor,

25  the court finds that plaintiffs plead facts sufficient to allege

26  objective deliberate indifference.  Mr. Galley had been detained

27  repeatedly at the same jail in the past.  (First Am. Compl. ¶

28  24.)  According to the allegations, during his detentions, Mr.

4

1  Galley regularly informed jail medical staff about his alcohol

2  dependency, withdrawal symptoms, and risk of seizures if not

3  given proper detoxification procedures.  (Id.)  Because of these

4  warnings, Mr. Galley was always placed on detoxification and

5  withdrawal protocols, which were documented in Mr. Galley's jail

6  medical records. (Id.) During his final detention, Mr. Galley was

7  medically screened because of his prior medical history as

8  reflected in his jail medical records.  (Id. ¶ 23.)  Further,

9  Woods, as Mr. Galley's screening nurse, id., plausibly had access

10 to Mr. Galley's medical records.  Mr. Galley also exhibited clear

11 signs of alcohol impairment while Woods was medically screening

12 him.  (Id.)  Finally, Mr. Galley told Woods directly during the

13 screening about his history of alcohol withdrawal and how much

14 alcohol he had drunk earlier that day.  (Id.)

15        Plaintiffs allege that any Registered Nurse in the

16 circumstances equipped with this information would have been

17 required to put Mr. Galley on immediate detoxification and

18 alcohol withdrawal protocols. (Id. ¶ 25.)  But as alleged in the

19 complaint, Woods did not, contrary to nationally recognized

20 clinical standards, the jail's internal policy, and even the

21 jail's own past established practice with the same detainee.

22 (Id. ¶¶ 24-25.)  In fact, nothing suggests that Woods prescribed

23 or provided any course of medical treatment at all.

24        The Medical Defendants correctly point out that

25 "negligently inflicted harm is categorically beneath the

26 threshold of constitutional due process."  Kingsley, 576 U.S. at

27 396.  But Woods's failure to place Mr. Galley on immediate

28 detoxification and monitoring protocols, in full context of what

1  she allegedly knew <u>or should have known</u>, is enough to allege

2  deliberate indifference to Mr. Galley's risk of being in serious

3  medical danger.  Accordingly, the court will deny the motion to

4  dismiss the Section 1983 claim as asserted against Woods.

5  II.  <u>Tom Bane Act</u> (Claim 3)

6        To survive on a motion to dismiss, a Tom Bane Act claim

7  must allege that an official acted with specific intent to

8  violate their rights.  <u>Reese v. County of Sacramento</u>, 888 F.3d

9  1030, 1043 (9th Cir. 2018) (citing <u>Cornell v. City & County of</u>

10 <u>San Francisco</u>, 17 Cal. App. 5th 766, 801 (1st Dist. 2017)).

11 However, "specific intent" may be shown by demonstrating an

12 official's reckless disregard for a person's constitutional

13 rights.  <u>Id.</u> at 1045 ("[A] reckless disregard for a person's

14 constitutional rights is evidence of a specific intent to deprive

15 that person of those rights."); <u>Cornell</u>, 17 Cal. App. 5th at 803-

16 04 ("Reckless disregard of the 'right at issue' is all that [is]

17 necessary.").

18        The court sees no logical reason to distinguish

19 "reckless disregard" under <u>Gordon</u> from its manifestations under

20 the Tom Bane Act.  Additionally, <u>Gordon</u> clearly distinguishes

21 "reckless disregard" as something different from, and strictly

22 "less than[,] <u>subjective</u> intent."  <u>Id.</u> at 1125 (emphasis added).

23 The court therefore applies the same objective test from <u>Gordon</u>

24 to the Tom Bane Act claim here.

25        As applied, and as discussed in the previous section,

26 plaintiffs plead facts sufficient to plausibly show that Woods's

27 inaction in these circumstances rose to the level of objective

28 reckless disregard for a grave medical risk.  This is enough for

the Tom Bane Act claim to survive at the pleading stage.

Accordingly, the court will deny the motion to dismiss the Tom

Bane Act claim as asserted against the Medical Defendants.

IT IS THEREFORE ORDERED that the Medical Defendants'

motion to dismiss (Docket No. 39) be, and the same hereby is,

GRANTED as to plaintiffs' Section 845 claim (Claim 6), and DENIED

as to plaintiffs' Section 1983 and Tom Bane Act claims (Claims 1

and 3).  Claim 6 is DISMISSED WITHOUT LEAVE TO AMEND.

Dated:  September 19, 2023

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE