| | |
|---|---|
| 1 | MICHAEL J. HADDAD (SBN 189114) |
| | JULIA SHERWIN (SBN 189268) |
| 2 | HADDAD & SHERWIN LLP |
| | 505 Seventeenth Street |
| 3 | Oakland, CA 94612 |
| | Telephone:   (510) 452-5500 |
| 4 | Facsimile:   (510) 452-5510 |
| 5 | |
| | Attorneys for Plaintiffs |

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTHONY GALLEY, Deceased, by and through his Co-Successors in Interest, P.P. and B.P., minors, through their mother and Next Friend, Christina O'Neal, Individually and as Co-Successors in Interest for ANTHONY GALLEY, Deceased, <br><br> Plaintiffs, <br> vs. <br><br> COUNTY OF SACRAMENTO, a public entity; FORMER SACRAMENTO COUNTY SHERIFF SCOTT R. JONES, in his individual capacity; Jail Commander ANTHONY PAONESSA, Jail Medical Director VEER BABU, M.D., MAXIM HEALTHCARE SERVICES, INC. dba MAXIM STAFFING SOLUTIONS, a Maryland Corporation; MAXIM HEALTHCARE STAFFING SERVICES, INC., a Maryland Corporation; ERICA WOODS, R.N., and DOES 1–20; individually, jointly, and severally, <br><br> Defendants. | Case No. 2:23-cv-00325-WBS-AC <br><br> **STIPULATION AND ORDER TO MODIFY SCHEDULING ORDER (ECF NO. 76)** |

All parties, by and through their respective attorneys of record, hereby stipulate and request that this Court briefly continue pretrial dates in this matter for the following reasons:

1. This is a complex civil rights death case based on allegations of Defendants' failure to provide for decedent Anthony Galley's serious medical needs in the Sacramento County Jail, where he died on February 15, 2022.  Claims against County Defendants also include allegations that County customs, policies, training and supervision at the jail set in motion the violation(s) of Mr. Galley's rights.  Plaintiffs allege that similar issues concerning County practices at the jail have also been raised, both before and after Mr. Galley's death, in the class action entitled *Mays v. County of Sacramento*, E.D. Cal. Case No. 2:18-cv-02081-TLN-CSK, and the Consent Decree and Remedial Plan in that case.  Mr. Galley is survived by his two minor children, Plaintiffs P.P. and B.P.

2. Defendants are represented by three groups of separate counsel, complicating scheduling of depositions.

3. This case was filed on February 23, 2023.  County Defendants and Maxim Defendants filed seriatim motions to dismiss that were not resolved until September 19, 2023. (ECF 45).  The Maxim Defendants answered the First Amended Complaint on November 2, 2023. (ECF 48).

4. Since that time, the parties have exchanged voluminous documents both directly and by subpoena.  The parties have met and conferred repeatedly concerning document production, to resolve issues without the need for motion practice.  The parties are represented by experienced counsel who are working cooperatively in this matter.

5. Plaintiffs have completed the depositions of Defendants Erica Woods, RN, and Veer Babu, MD.  Defendants have completed depositions of several correctional officers at the Sacramento County Jail.  Ms. Woods' deposition required two sessions due to technical difficulties

in counsel's office for Maxim and Ms. Woods.  The parties had difficulty scheduling Dr. Babu's deposition, as he is no longer employed by the County, due to scheduling conflicts for him and between counsel.  His deposition occurred on September 10, 2025.  The parties have had to continue depositions of the County's and Maxim's Rule 30(b)(6) Persons Most Knowledgeable.

6. In addition, the parties had scheduled a mediation in this case with mediator Richard Copeland, on November 18, 2025.  Unfortunately, that mediation had to be rescheduled because Plaintiffs' counsel, Michael Haddad and Julia Sherwin, were in a long wrongful death trial that lasted longer than expected, starting from October 30, 2025, and concluding on December 3, 2025.  (*Garcia v. County of Napa*, Napa Sup. Ct. No. 23CV000234).

7. Mr. Copeland's available mediation dates conveyed at the time the mediation had to be rescheduled did not work for defense counsel.  On December 3, 2025, Plaintiffs' counsel obtained new dates from Mr. Copeland and conveyed them to defense counsel, who are checking their clients' availability.  Mr. Copeland's services are in high demand, and his earliest available mediation dates are in March and April 2026.  The mediation has been scheduled for April 8, 2026, the earliest date that works for Mr. Copeland and all parties.

8. Based on Dr. Babu's deposition testimony, Plaintiffs intend to amend the complaint to add the County's jail Nursing Director, Pamela Gandy-Rosemond, RN, and conduct further depositions.  The parties previously stipulated to postpone the amendment and further depositions because they would not be necessary if the parties were able to mediate and settle this matter at the mediation on November 18 that had to be continued.  Since the earliest possible mediation will not take place for months, the parties will resume discovery and Plaintiffs will file an amended complaint to add Ms. Gandy-Rosemond as a Defendant.

9. Ms. Gandy-Rosemond needs time to appear and file a responsive pleading.

Case No.: 2:23-cv-00325-WBS-AC: STIP & ORDER TO MODIFY SCHEDULING ORDER      2

10. Individuals and parties still needing to be deposed include: Plaintiffs and/or their mother, Defendant Jail Commander Paonessa, possibly Defendant Sheriff Scott Jones, Nursing Director Pamela Gandy-Rosemond after she is added as a Defendant, inmates present in Mr. Galley's holding cell during his incarceration, Mr. Galley's medical treaters at the hospital, Sacramento County's forensic pathologist, possibly some *Mays* counsel, the *Mays* Court-Ordered Monitor, Maxim and the County's Persons Most Knowledgeable concerning nursing training, and the County's Persons Most Knowledgeable concerning changes made to nursing policies and protocols under the *Mays* consent decree at that time, history of known medical and staffing issues at the jail, and issues raised in *Mays* Court-Ordered Monitors' reports both before and after Mr. Galley's death.

11. The parties' experts will need time to review the depositions to prepare their reports.

12. The parties have consulted the Court, and with guidance from the Court propose the following schedule:

| Event | Current Date | New Date |
|---|---|---|
| Expert Disclosures due | January 2, 2026 | May 1, 2026 |
| Rebuttal Expert Disclosures | January 23, 2026 | May 22, 2026 |
| Discovery Cutoff | February 20, 2026 | July 17, 2026 |
| Motion Filing Deadline | March 20, 2026 | August 21, 2026 |
| Motion Response Deadline | April 17, 2026 | September 25, 2026 |
| Motion Reply Deadline | May 1, 2026 | October 5, 2026 |
| Dispositive Motion Hearing | May 11, 2026, 1:30 p.m. | October 26, 2026, 1:30 p.m. |
| Final Pretrial Conference | June 29, 2026, 1:30 p.m. | January 25, 2027, 1:30 p.m. |
| Trial | August 18, 2026, 9:00 a.m. | March 30, 2027, 9:00 a.m. |

For the foregoing reasons, the parties respectfully request that this Court enter an order extending the pretrial dates in this case as set forth above.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: December 8, 2025                           HADDAD & SHERWIN LLP


                                                              /s/ *Julia Sherwin*
                                                              JULIA SHERWIN
                                                              Attorneys for Plaintiffs

Dated: December 12, 2025                          BEACH LAW GROUP, LLP


                                                              /s/ *Thomas E. Beach*
                                                              THOMAS E. BEACH
                                                              SUEANNE D. CHADBOURNE
                                                              RACHEL K. MANDELBERG
                                                              MOLLY LOY
                                                              Attorneys for Defendants
                                                              MAXIM HEALTHCARE SERVICES, INC., MAXIM HEALTHCARE STAFFING SERVICES, INC., and ERICA WOODS, R.N.

Dated: December 11, 2025                          PORTER SCOTT, APC


                                                              */s/ Matthew W. Gross*
                                                              CARL FESSENDEN
                                                              JOHN R. WHITEFLEET
                                                              MATTHEW W. GROSS
                                                              Attorneys for Defendants
                                                              COUNTY OF SACRAMENTO, Sheriff SCOTT R. JONES, and Jail Commander ANTHONY PAONESSA

1  DATED: December 11, 2025          RIVERA HEWITT PAUL LLP

*/s/ Kristlenne C. Vicuna*

KRISTLENNE C. VICUNA
JONATHAN B. PAUL
Attorneys for Defendant
Veer Babu, M.D.

## ORDER

PURSUANT TO STIPULATION, AND GOOD CAUSE APPEARING, IT IS SO ORDERED.

The pretrial and trial schedules are modified as follow:

| **Event** | **Current Date** | **New Date** |
|---|---|---|
| Expert Disclosures due | January 2, 2026 | May 1, 2026 |
| Rebuttal Expert Disclosures | January 23, 2026 | May 22, 2026 |
| Discovery Cutoff | February 20, 2026 | July 17, 2026 |
| Motion Filing Deadline | March 20, 2026 | August 21, 2026 |
| Motion Response Deadline | April 17, 2026 | September 25, 2026 |
| Motion Reply Deadline | May 1, 2026 | October 5, 2026 |
| Dispositive Motion Hearing | May 11, 2026, 1:30 p.m. | October 26, 2026, 1:30 p.m. |
| Final Pretrial Conference | June 29, 2026, 1:30 p.m. | January 25, 2027, 1:30 p.m. |
| Trial | August 18, 2026, 9:00 a.m. | March 30, 2027, 9:00 a.m. |

Dated:  December 15, 2025

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE