MICHAEL J. HADDAD (SBN 189114)
JULIA SHERWIN (SBN 189268)
HADDAD & SHERWIN LLP
505 Seventeenth Street
Oakland, CA 94612
Telephone:    (510) 452-5500
Facsimile:    (510) 452-5510

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

ANTHONY GALLEY, Deceased, by and through his Co-Successors in Interest, P.P. and B.P., minors, through their mother and Next Friend, Christina O'Neal, Individually and as Co-Successors in Interest for ANTHONY GALLEY, Deceased,

Plaintiffs,

vs.

COUNTY OF SACRAMENTO, a public entity; FORMER SACRAMENTO COUNTY SHERIFF SCOTT R. JONES, in his individual capacity; Jail Commander ANTHONY PAONESSA, Jail Medical Director VEER BABU, M.D., MAXIM HEALTHCARE SERVICES, INC. dba MAXIM STAFFING SOLUTIONS, a Maryland Corporation; MAXIM HEALTHCARE STAFFING SERVICES, INC., a Maryland Corporation; ERICA WOODS, R.N., and DOES 1–20; individually, jointly, and severally,

Defendants.

Case No. 2:23-cv-00325-WBS-AC

**STIPULATION AND ORDER TO MODIFY SCHEDULING ORDER (ECF NO. 79)**

Case No.: 2:23-cv-00325-WBS-AC: STIP & ORDER TO MODIFY SCHEDULING ORDER

All parties, by and through their respective attorneys of record, hereby stipulate and request that this Court briefly continue pretrial dates in this matter for the following reasons:

1.      This is a complex civil rights death case based on allegations of Defendants' failure to provide for decedent Anthony Galley's serious medical needs in the Sacramento County Jail, where he died on February 15, 2022.  Claims against County Defendants also include allegations that County customs, policies, training and supervision at the jail set in motion the violation(s) of Mr. Galley's rights.  Plaintiffs allege that similar issues concerning County practices at the jail have also been raised, both before and after Mr. Galley's death, in the class action entitled *Mays v. County of Sacramento*, E.D. Cal. Case No. 2:18-cv-02081-TLN-CSK, and the Consent Decree and Remedial Plan in that case.  Mr. Galley is survived by his two minor children, Plaintiffs P.P. and B.P.

2.      Defendants are represented by three groups of separate counsel, complicating scheduling of depositions.

3.      This case was filed on February 23, 2023.  County Defendants and Maxim Defendants filed seriatim motions to dismiss that were not resolved until September 19, 2023.  (ECF 45).  The Maxim Defendants answered the First Amended Complaint on November 2, 2023.  (ECF 48).

4.      Since that time, the parties have exchanged voluminous documents both directly and by subpoena.  The parties have met and conferred repeatedly concerning document production, to resolve issues without the need for motion practice.  The parties are represented by experienced counsel who are working cooperatively in this matter.

5.      Plaintiffs have completed the depositions of Defendants Erica Woods, RN, and Veer Babu, MD.  Defendants have completed depositions of several correctional officers at the Sacramento County Jail plus Plaintiffs P.P. and B.P.  Ms. Woods' deposition required two sessions

due to technical difficulties in counsel's office for Maxim and Ms. Woods. The parties had difficulty scheduling Dr. Babu's deposition, as he is no longer employed by the County, due to scheduling conflicts for him and between counsel. His deposition occurred on September 10, 2025. The parties have had to continue depositions of the County's and Maxim's Rule 30(b)(6) Persons Most Knowledgeable.

6.    In addition, the parties had scheduled a mediation in this case with mediator Richard Copeland, on November 18, 2025. Unfortunately, that mediation had to be rescheduled because Plaintiffs' counsel, Michael Haddad and Julia Sherwin, were in a long wrongful death trial that lasted longer than expected, starting from October 30, 2025, and concluding on December 3, 2025. (*Garcia v. County of Napa*, Napa Sup. Ct. No. 23CV000234**).**

7.    Mr. Copeland's available mediation dates conveyed at the time the mediation had to be rescheduled did not work for defense counsel. Mr. Copeland's services are in high demand, and his earliest available mediation date that worked for all parties was April 8, 2026. The mediation has occurred and the case did not settle.

8.    Based on Dr. Babu's deposition testimony, Plaintiffs informed Defendants they need to amend the complaint to add the County's jail Nursing Director, Pamela Gandy-Rosemond, RN, and conduct further depositions. The parties previously stipulated to postpone the amendment and further depositions because they would not be necessary if the parties were able to settle this matter at mediation.

9.    Before the mediation in this case, Plaintiffs' counsel were occupied with completing voluminous expert discovery -- and are now currently responding to five summary judgment motions -- in *Deppe v. Shasta County, et al.*, E.D. Cal. Case No. 2:22-cv-00187-DAD-JDP.

10.    Ms. Gandy-Rosemond needs time to appear and file a responsive pleading.

11.    Individuals and parties still needing to be deposed include:  Plaintiffs' mother, Defendant Jail Commander Paonessa, possibly Defendant Sheriff Scott Jones, Nursing Director Pamela Gandy-Rosemond after she is added as a Defendant, inmates present in Mr. Galley's holding cell during his incarceration, Mr. Galley's medical treaters at the hospital, Sacramento County's forensic pathologist, possibly some *Mays* counsel, the *Mays* Court-Ordered Monitor, Maxim and the County's Persons Most Knowledgeable concerning nursing training, and the County's Persons Most Knowledgeable concerning changes made to nursing policies and protocols under the *Mays* consent decree at that time, history of known medical and staffing issues at the jail, and issues raised in *Mays* Court-Ordered Monitors' reports both before and after Mr. Galley's death.

12.    The parties' experts will need time to review the depositions to prepare their reports.

13.    The parties have consulted the Court, and with guidance from the Court propose the following schedule:

| Event | Current Date | New Date |
|---|---|---|
| Expert Disclosures due | May 1, 2026 | November 20, 2026 |
| Rebuttal Expert Disclosures | May 22, 2026 | December 11, 2026 |
| Discovery Cutoff | July 17, 2026 | January 22, 2027 |
| Motion Filing Deadline | August 21, 2026 | February 19, 2027 |
| Motion Response Deadline | September 25, 2026 | March 26, 2027 |
| Motion Reply Deadline | October 5, 2026 | April 9, 2027 |
| Dispositive Motion Hearing | October 26, 2026, 1:30 p.m. | May 10, 2027, 1:30 p.m. |
| Final Pretrial Conference | January 25, 2027, 1:30 p.m. | August 9, 2027, 1:30 p.m. |
| Trial | March 30, 2027, 9:00 a.m. | November 16, 2027, 9:00 a.m. |

For the foregoing reasons, the parties respectfully request that this Court enter an order extending the pretrial dates in this case as set forth above.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  April 11, 2026                          HADDAD & SHERWIN LLP


                                                /s/ *Julia Sherwin*
                                                _____
                                                JULIA SHERWIN
                                                Attorneys for Plaintiffs

Dated:  April 15, 2026                          BEACH LAW GROUP, LLP


                                                /s/ *Thomas E. Beach*
                                                _____
                                                THOMAS E. BEACH
                                                SUEANNE D. CHADBOURNE
                                                RACHEL K. MANDELBERG
                                                MOLLY LOY
                                                Attorneys for Defendants
                                                MAXIM HEALTHCARE SERVICES, INC., MAXIM
                                                HEALTHCARE STAFFING SERVICES, INC., and
                                                ERICA WOODS, R.N.

Dated:  April 14, 2026                          PORTER SCOTT, APC


                                                /s/ *John R. Whitefleet*
                                                _____
                                                CARL FESSENDEN
                                                JOHN R. WHITEFLEET
                                                MATTHEW W. GROSS
                                                Attorneys for Defendants
                                                COUNTY OF SACRAMENTO, Sheriff SCOTT R.
                                                JONES, and Jail Commander ANTHONY
                                                PAONESSA

Dated:  April 13, 2026                          RIVERA HEWITT PAUL LLP


                                                /s/ *Susan DeNardo*
                                                _____

                                                JONATHAN B. PAUL
                                                SUSAN DENARDO
                                                Attorneys for Defendant
                                                Veer Babu, M.D.

### ORDER

PURSUANT TO STIPULATION, AND GOOD CAUSE APPEARING, IT IS SO ORDERED.

The pretrial and trial schedules are modified as follows:

| Event | Current Date | New Date |
|---|---|---|
| Expert Disclosures due | May 1, 2026 | November 20, 2026 |
| Rebuttal Expert Disclosures | May 22, 2026 | December 11, 2026 |
| Discovery Cutoff | July 17, 2026 | January 22, 2027 |
| Motion Filing Deadline | August 21, 2026 | February 19, 2027 |
| Motion Response Deadline | September 25, 2026 | March 26, 2027 |
| Motion Reply Deadline | October 5, 2026 | April 9, 2027 |
| Dispositive Motion Hearing | October 26, 2026, 1:30 p.m. | May 10, 2027, 1:30 p.m. |
| Final Pretrial Conference | January 25, 2027, 1:30 p.m. | August 9, 2027, 1:30 p.m. |
| Trial | March 30, 2027, 9:00 a.m. | November 16, 2027, 9:00 a.m. |

Dated:  April 16, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

Case No.: 2:23-cv-00325-WBS-AC: STIP & ORDER TO MODIFY SCHEDULING ORDER          5